RENACKOWSKY v. BOARD OF WATER COMMISSIONERS OF DETROIT.

1. Limitation of Actions—Pleading—Demurrer.
    The question of limitations as a defense in an action at law cannot be raised by demurrer.

2. Constitutional Law—Introduction of Bills in Legislature—Fifty-Day Limit.
    Article 4, § 28, of the Constitution, which provides that no new bill shall be introduced into the legislature after the first 50 days of a session shall have expired, does not render invalid a section attached to a bill after the expiration of the 50-day period, if the bill itself was introduced in time, and the section was a proper one to be embodied in the bill. So held with reference to the provision of Act No. 463, Local Acts 1895, amendatory of the Detroit city charter, limiting the time within which actions may be brought for negligent injuries.

| | |
|---|---|
| 122 | 6̄1̄3̄ |
| 126 | 636 |
| 1̄2̄2̄ | 6̄1̄3̄ |
| 128 | 386 |
| 128 | 387 |
| j128 | 404 |
| j128 | 409 |
| j128 | 410 |
| 1̄2̄2̄ | 6̄1̄3̄ |
| s81NW | 581 |
| e129 | 37 |
| e129 | 38 |
| 122 | 613 |
| d135 | ³538 |
| 1̄2̄2̄ | 6̄1̄3̄ |
| 136 | ³ 21 |
| 136 | ¹592 |
| 1̄2̄2̄ | 6̄1̄3̄ |
| 145 | ³472 |

3. LIMITATION OF ACTIONS—DEFENSES—ESTOPPEL.

In an action for personal injuries, plaintiff may meet a defense of limitation by showing that defendant, by promising a settlement, led him to believe that a suit to enforce his claim was unnecessary.

Error to Wayne; Wisner, J., presiding. Submitted October 3, 1899. Decided January 23, 1900.

Case by August Renackowsky against the board of water commissioners of the city of Detroit for personal injuries. From a judgment for defendant on demurrer to the declaration, plaintiff brings error. Reversed.

*Brennan, Donnelly & Van De Mark* (*Selling & Hatch,* of counsel), for appellant.

*Arthur Webster* (*Charles Flowers* and *C. D. Joslyn,* of counsel), for appellee.

MONTGOMERY, C. J. The plaintiff brought this action to recover for injuries sustained by reason of the negligent act of defendant in the year 1893. The suit was instituted in December, 1897. To a declaration setting up the facts the defendant interposed a demurrer, setting up a statute of limitations as to such actions, enacted in 1895, and in effect September 1, 1895 (Act No. 463, Local Acts 1895). By stipulation, the plaintiff amended his declaration, setting up, as reasons why the statute of limitations had not run, the following facts:

"1. That the said defendant recognized the fact that the plaintiff had a cause of action against the said defendant, and by reason of said recognition plaintiff was induced to permit the time to pass in which the statute provides that suit shall be brought against said defendant.

"2. That the said defendant from time to time made payments to plaintiff in consideration of his cause of action, which payments continued until November 1, A. D. 1897.

"3. That the said defendant, before the time limited for bringing suit against it had run, adopted a resolution

in which it was resolved that said plaintiff should receive his full pay as long as he was disabled, regularly, whether he worked or not.

"4. That said defendant, upon the 20th day of November, A. D. 1897, declined to pay plaintiff his said claim, assigning various reasons, but not stating as. one of its reasons that the claim was barred by limitation.

"5. That the entire course of conduct of the defendant has been such as to render it unjust and inequitable that the said limitation should be set up as the defense of this action."

No further pleading was filed, but the demurrer was treated as directed to the amended declaration. The case proceeded to hearing on demurrer, and judgment passed for defendant. Plaintiff brings error.

Three questions are raised:

1. Can the question upon which the case turned be raised by demurrer?

2. If it can, is the statute constitutional?

3. If both of the foregoing questions are resolved in the affirmative, has the defendant estopped itself from relying upon the statute?

The general rule is that the statute of limitations must be pleaded, and that the defense cannot be raised by demurrer. 13 Enc. Pl. & Prac. 200. It is stated by defendant's counsel that in this case all the facts relied upon by the plaintiff to establish an estoppel to plead the statute of limitations were set up in the declaration as amended. The plaintiff's counsel did not concede this, and, as the plaintiff was not bound to set up these facts in the first instance (*Dean* v. *Crall*, 98 Mich. 591 [39 Am. St. Rep. 571]), we do not feel justified in departing from the practice, and determining the case on demurrer.

We might rest our decision on this question of practice, but as the other questions are fully briefed, and are necessarily involved in the case, we deem it proper to express our views upon them. The question as to the constitutionality of the act was discussed in the briefs of counsel in *Springer* v. *City of Detroit*, 118 Mich. 69, and, al-

though in the opinion the question was not discussed, the act was treated as valid. We have re-examined the reasons urged against the validity of the act, and are of the opinion that the act is valid. See *City of Detroit* v. *Wayne Circuit Judge*, 112 Mich. 317.

The meritorious question involved in the case is whether the plaintiff may meet the defense of the statute by showing that, before the time fixed by statute for the bar, the defendant, by its course of conduct, led the plaintiff to believe that a suit to enforce his rights would be unnecessary, and thereby lulled him into a feeling of security. Defendant's counsel cite authority to the effect that an action for tort, once barred, cannot be revived by a new promise. 1 Wood, Lim. 176. The reason for this is plain. In actions on contract it is the new promise which supports the action, while an action for tort cannot be based on a promise. But the claim of the present plaintiff is not that a cause of action once barred has been revived by a new promise, but that the conduct of the defendant has induced the plaintiff to refrain from bringing action within the period fixed by statute, and that such conduct should estop the defendant. In a similar case (*Armstrong* v. *Levan*, 109 Pa. St. 177), Mr. Justice Paxson said:

"It was not the question of the revival of a tort by a promise to pay made after six years. The conversation referred to occurred before the statute had run, and it was a distinct promise to pay in consideration that the plaintiff below would not sue. If, therefore, she relied upon this promise,—if she was thereby lulled into security, and thus allowed the six years to go by before she commenced her suit,—with what grace can the defendant now set up the statute? The promise operated, not to revive a dead tort, but by way of estoppel. It has all the elements of an estoppel.".

See, also, *Voorheis* v. *Benefit Society*, 91 Mich. 469.

The judgment will be reversed, and the case remanded, with leave to the defendant to plead over. The plaintiff will recover costs in this court.

The other Justices concurred.