## RABY v. STUMAN.

(December 22, 1900.)

1. *Limitation of Actions—Acknowledgment—New Promise —The Code, Sec.* 172.

> A new promise to pay, if not in writing, can not defeat the operation of the statute of limitation.

2. *Limitation of Actions—Estoppel—Agreement.*

> A request not to sue will not stay the statute of limitation, but it must be an agreement not to plead it.

CIVIL ACTION by John B. Raby, administrator of E. Raby, against E. C. Stuman, heard by Judge *Thos. A. McNeill* and a jury, at Spring Term, 1900, of MACON Superior Court. From judgment for defendant, the plaintiff appealed.

*Ray & Kelly,* for the plaintiff.
*Jones & Johnston,* for the defendant.

FAIRCLOTH, C. J.    The defendant bought land from plaintiff's intestate, and received a deed.    Defendant made his note, not under seal, payable to the intestate for $250, dated June 23, 1894, and added these words: "I agreeing, further, in the event I succeeded to sell the land, to pay E. Raby an additional fifty dollars."    The action was commenced September 2, 1899.    Defendant pleaded the three-years statute of limitation.    The defendant told the plaintiff before the statute became a bar that he had optioned the land to a mining company, and as soon as the trade went through the debt would be paid, and at another time promised to pay the same. The last option expired on June 6, 1896.    The Court was of opinion that the $250 was barred by the statute, and judgment was entered accordingly.

The promise to pay, not being in writing, can not be received as evidence of a new, or continuing contract, to defeat the operation of the statute. Code, sec. 172. The defendant is not estopped to plead the statute, as his promise was not an agreement not to plead it, as it was in *Haymore v. Commissioners,* 85 N. C., 268. A request not to sue will not stay the statute, it must be an agreement not to plead it. *Hill v. Hilliard,* 103 N. C., 34. Plaintiff can not recover the $50, as there is no evidence that any option "went through." We can find no error in law, and we can not deal with the morality of the matter.

Affirmed.