KLASS *v.* CITY OF DETROIT. [1]

| 129 | 35 |
| s88NW | 204 |
| e129 | 589 |
| 129 | 35 |
| 135 | 1539 |
| 129 | 35 |
| e148 | 1487 |
| 129 | 35 |
| 149 | 1288 |
| 129 | 35 |
| 152 | 1250 |

1. STATUTE OF LIMITATIONS—ESTOPPEL.
   An estoppel to plead the statute of limitations can only be founded on conduct naturally calculated to induce plaintiff into a belief that his claim would be adjusted if he did not sue.

2. SAME — MUNICIPAL CORPORATIONS — ACTIONS FOR NEGLIGENT INJURIES.
   Under the charter of defendant city, actions for negligent injuries must be brought within one year after the injury was received. Plaintiff claimed to have been injured by a defect in defendant's street on December 31, 1895. In January, 1896, his claim was presented to the common council, who referred it to a committee. In September the committee reported adversely to the claim, which report was on the same day accepted and adopted by the council. The action of the council was duly published, but no personal notice was given to plaintiff, and he did not learn thereof until March, 1897. The committee continued to take testimony from time to time, aided by the city counselor, until March, 1897, when suit was commenced. There was nothing to indicate, however, that the committee knew that plaintiff was ignorant of the council's action, or knew that he was forbearing to sue by reason of the negotiations. *Held,* that the city was not estopped to set up the limitation of the statute.

Error to Wayne; Brooke, J. Submitted October 22, 1901. Decided December 3, 1901.

[1] Rehearing denied December 21, 1901.

Case by Nicholas Klass against the city of Detroit for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*William F. Atkinson*, for appellant.

*P. J. M. Hally* and *A. B. Hall* (*T. E. Tarsney*, of counsel), for appellee.

HOOKER, J. The plaintiff claims to have been injured through a failure of the defendant to keep its street in repair on the 31st of December, 1895. On January 7, 1896, his petition was presented to the common council in compliance with the statute (section 46 of an act approved June 1, 1895), which provides that:

"No action shall be brought against said city, nor any of its boards, commissions, or officers, for any negligent injury, unless it be commenced within one year from the time when the injury was received, nor unless notice shall be given in writing, within three months from the time of such injury, to the head of the law department, or to his chief assistant, of the time, place, and cause of such injury, and of the nature thereof. The provisions of this section shall not be a bar to a suit for any injury for which there is now a lawful cause of action, but for every such injury suit shall be commenced within six months from the time when this act shall take effect." Act No. 463, Local Acts 1895.

The action in this cause having been commenced on March 23, 1897, the court directed a verdict for the defendant upon the ground that it was barred by the statute, and the plaintiff has brought it to this court by writ of error.

The plaintiff's testimony shows that in January, 1896, the claim was referred by the council to its committee on claims and accounts, and that testimony was taken before such committee in June, September, October, and December, 1896, and in January, February, and March, 1897; the last being taken about 10 days previous to the time the action was begun, when the city counselor told plaintiff's counsel that a settlement could not be made. The com-

mittee made a report to the council on September 1, 1896, adverse to the claim, with the recommendation that the prayer of the petitioner be denied, and this report was accepted and adopted on that day. The plaintiff was not aware of the report or its adoption, and his counsel testified that negotiations with the corporation counsel and committee for a settlement were going on up to March, 1897, when he was informed that a settlement could not be, made, and suit was commenced. Counsel for the plaintiff contends that these facts estop the city from claiming the benefit of the statute. The case of *Renackowsky* v. *Board of Water Com'rs*, 122 Mich. 613 (81 N. W. 581), is cited in support of this contention. It holds that where a defendant has, by its conduct, deceived a plaintiff into the belief that a suit to enforce his rights is unnecessary, and thereby lulled him into a feeling of security, and induced him to forego suit in expectation of a settlement, the statute will not bar an action.

Defendant's counsel urged, and the trial court appears to have been of the opinion, that the action of the council in disallowing the claim in September, 1896, deprived the committee of further power, and that its subsequent action was not the action of the council. The committee never had authority to do more than to investigate and report, and with the acceptance and adoption of its report its authority ended. There is no indication of secrecy on the part of the council. Its action was public, and it was published. There was no obligation upon it to notify plaintiff or his counsel of its action, and there is nothing in the record to show why the committee or city counselor permitted negotiations to continue after such report. We are not informed that these negotiations were more than a listening to importunities of plaintiff's counsel, and a patient hearing and investigation of what he had to offer, with a view to recommend some recompense for plaintiff's injury if convinced that he had a meritorious case, notwithstanding the statute had run against his right of action; and there is nothing to indicate that the members

of the committee had a suspicion that plaintiff did not know that the council had taken action, and there is nothing in the record that indicates that the council, or even the committee or city counselor, supposed that the plaintiff was deferring the commencement of suit in reliance on a supposed intention to adjust his claim.

The statute is an unambiguous limitation on the right to bring an action after the lapse of a year. It was presumably known to the plaintiff and his counsel. The common council was under no obligation to take any action, and, had it pursued that policy, the plaintiff could not maintain an action not begun within the statutory period. But the council did take action, and solemnly resolved that plaintiff had no legal claim, by adopting the report of the committee. It did not notify the plaintiff, and it was under no obligation to. The case is barren of the usual elements of an estoppel, and is therein plainly distinguishable from the *Case of Renackowsky, supra.* That case was heard upon demurrer to a declaration which alleged that the defendant recognized plaintiff's right of action, made payments thereon, and adopted a resolution, before the statute had run, to the effect that the plaintiff should receive full pay so long as he was disabled, and that it finally declined to pay after the statute had run. In the case of *Armstrong* v. *Levan,* 109 Pa. St. 177 (1 Atl. 204), upon which the *Renackowsky Case* is based, a distinct promise to pay was made in consideration that the plaintiff would not sue. So, in the case of *Voorheis* v. *Benefit Society,* 91 Mich. 474 (51 N. W. 1110), Mr. Justice LONG says:

"The company could not delay the party entitled to bring suit by promises of payment and overtures for settlement beyond the period fixed for bringing the suit, and then set up in its defense that the action was not brought within the limit of time stated in the contract."

This case, however, did not involve a statute of limitation.

The legislature has found reason for requiring actions

against cities to be promptly brought, and a strict con-
struction of its enactment would defeat all actions brought
after the expiration of the period fixed by law. It is a
legal maxim that nothing can interrupt the running of the
statute of limitation, and it is commonly stated without
any qualification. But the courts have ingrafted upon
statutes of limitation an exception based upon estoppel.
This seems to be limited to cases involving an intentional
or negligent deception, and the remedy used to be a bill in
equity to enjoin the pleading of the statute. *Holloway*
v. *Appelget*, 55 N. J. Eq. 583 (40 Atl. 27, 62 Am. St. Rep.
827). See 13 Am. & Eng. Enc. Law, 719, and notes. In
the case of *Derrick* v. *Insurance Co.*, 74 Ill. 404, it was
held that where there was a compromise and settlement
of the loss upon an insurance policy within the period pre-
scribed by the policy for a commencement of suit, which
compromise was afterwards found to be fraudulent upon
the part of the company, and suit was brought upon the
policy seasonably after the fraud was discovered, but not
within the period prescribed, the company was estopped to
make the defense of the limitation provided by the policy,
upon the ground that it had waived such right by holding
out a reasonable hope of adjustment. See, also, *Peoria,
etc., Ins. Co.* v. *Whitehill*, 25 Ill. 466; *Farmers', etc.,
Ins. Co.* v. *Chesnut*, 50 Ill. 111 (99 Am. Dec. 492).
Where a prior suit was dismissed upon the promise by the
defendant to pay or settle plaintiff's claim, and the state-
ment that there was no use of proceeding in the courts,
the court held that the defendant was estopped from plead-
ing the statute of limitations. *Home Ins. Co.* v. *Myer*,
93 Ill. 271. Where parties agreed that the plaintiff should
accept the defendant's account in discharge of all or a part
of its claims against the defendant, when they should be
afterwards settled or adjusted, and defendant, relying
upon this agreement, was induced not to bring his action,
it was held that the plaintiff was estopped to plead the
statute of limitations. *Swofford Bros. Dry-Goods Co.*
v. *Goss*, 65 Mo. App. 63. To the same effect is the case of

*Missouri Pac. R. Co.* v. *B. F. Coombs & Bro. Commission Co.*, 71 Mo. App. 299. In *Barcroft* v. *Roberts*, 91 N. C. 363, it was held that a party would not be allowed to set up the statute of limitations in bar of the debt where it appeared that the delay in suing was caused by the promise by himself or attorney that the claim would be settled, and no advantage should be taken of the lapse of time. See, also, *Gentry* v. *Barron*, 109 Ga. 172 (34 S. E. 349); *Union Trust Co.* v. *Peters*, 72 Miss. 1058 (18 South. 497, 30 L. R. A. 829); *Lengar* v. *Hazlewood*, 11 Lea, 539; *Matthews* v. *Matthews*, 66 Miss. 239 (6 South. 201).

In *Moore* v. *Moore*, 103 Ga. 517 (30 S. E. 535), it was held that a mutual mistake does not create an estoppel to plead the statute of limitations. In North Carolina it was held that a request not to sue will not stay the statute, but it must be an agreement not to plead it. *Haymore* v. *Commissioners of Yadkin*, 85 N. C. 268; *Hill* v. *Hilliard*, 103 N. C. 34 (9 S. E. 639); *Raby* v. *Stuman*, 127 N. C. 463 (37 S. E. 476). In *McFaddin* v. *Prater*, (Tex. Sup.) 3 S. W. 306, it was held that an innocent misrepresentation concerning the boundary between the lands of the parties would not estop the pleading of the statute. In *Railway Conductors' Benefit Ass'n* v. *Loomis*, 124 Ill. 560 (32 N. E. 424), where there were no promises to pay, and nothing holding out hopes of adjustment, it was held that there was no estoppel.

It is apparent from the foregoing that the usual rules pertaining to estoppel should be applied in such cases, and that the defendant will not be precluded from availing himself of such defense unless it can be fairly said that he is responsible for deceiving the plaintiff, and inducing him to postpone action upon some reasonably well grounded belief that his claim will be adjusted if he does not sue. In both of the cases cited by counsel such estoppel rested upon a promise to pay, and in one, if not both, there was an express promise not to sue, induced by the promise to pay. As said in the *Armstrong Case*, all

of the elements of an estoppel were present. Here they were not all present. It does not appear that those assuming to act for the city knew that plaintiff was ignorant of the action of the council, or knew that the plaintiff was forbearing to sue by reason of the negotiations; and there is an absence of anything in the nature of a promise to pay as a consideration for forbearance, and of anything in the nature of a recognition of plaintiff's right of action. Unless we are to say that the statute is a bar in no case when negotiations are continued beyond or renewed after the period of the statute, we cannot sustain plaintiff in his contention, and we find no case justifying so broad a rule.

The judgment of the learned circuit judge is affirmed.

The other Justices concurred.