## VAN AUKEN v. CITY OF ADRIAN.

1. MUNICIPAL CORPORATIONS—CLAIMS—LIMITATIONS.
    Where the charter of a city provides that all claims against it for damages growing out of its negligence or default, or that of any officer or employé, shall be presented to the common council within a specified period, and, in default thereof, the claim shall be barred, the provision is one of limitation, and operates as a bar to an action on a claim thereafter presented.

2. SAME—REVIVAL—ACTION OF OFFICERS.
    A claim against a city for negligent injuries, barred by the provisions of its charter, cannot, in the absence of express authority, be revived by the action of its officers in consenting to consider it.

3. SAME—WAIVER—ESTOPPEL.
    Where a claim, presented to a city council with knowledge that it was barred, but with the hope to secure favorable consideration in view of its meritorious character, was referred

to the appropriate committee, who accepted affidavits in its support, and made some investigation, reporting adversely, *held,* in an action to recover on the claim, that there was no waiver of the limitation, and nothing to estop defendant from pleading it.

Error to Lenawee; Chester, J.   Submitted January 15, 1904.   (Docket No. 46.)   Decided January 26, 1904.

Case by Anson L. Van Auken, executor of the last will and testament of Abram I. Grant, deceased, against the city of Adrian, for injuries to decedent, caused by a defective sidewalk.   From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Affirmed.

Plaintiff's decedent brought suit against the defendant city, claiming that he stepped into a hole of a sidewalk of said city, and was injured.   The claim of negligence is that the sidewalk was out of repair.   With its plea the defendant gave notice that the claim was barred by the provisions of the charter, not having been presented to the common council within three months after the accident. Mr. Grant died during the pendency of the suit, which was then revived in the name of his executor.

In his opening statement plaintiff's counsel stated his case as follows:

"The accident occurred upon the 19th day of December, 1900.   No claim was ever presented to the council in writing until the 8th day of the following June.   Upon that date a written claim for damages, duly verified, was made and presented.   It was referred to the committee on claims and finance on the 24th day of June.   That committee took the matter under advisement.   They investigated the claim.   They called for, or at least received, affidavits showing the circumstances under which the injury was received.   They made a verbal report to the council on the 24th day of—

"*The Court:* You just made the statement that the committee called for or received affidavits.   Now, which did they do?

"*Mr. Larwill:* If the court please, I do not know what

the proof will be on that question. Negotiations were entered into between the common council and Mr. Jewett and myself, representing the plaintiff. Both of us saw different members of the council, had conversations with them, urging upon them the justice of giving this old gentleman something for his injuries, and several members of the council assured us that they would take the matter up and investigate it, and, if they thought he ought to have anything, would make a recommendation to the council that something be given him. That may not be competent proof, because they were not acting in such a way as would bind the city. But they did receive the affidavits, whether we furnished them or whether they called for them. I think that the chairman of the finance committee called for these affidavits, and I think the proof will so show, but I will not state to your honor positively that that is true; but anyway they received those affidavits. They investigated the matter. They took it under advisement, and upon the 2d day of July the chairman of the finance committee of the common council made a verbal report to that body that he was not prepared to submit the matter, and asked for further time to investigate this claim. Upon the 25th day of September—more than two months after the claim had been presented to the council in writing, duly verified, and after the committee on claims and finance had investigated the case and received the affidavits—they made a report to the council that they had investigated the claim; that there was no cause of action; and recommended that the same be disallowed."

Counsel then stated to the court that he had nothing further to offer, whereupon the circuit judge delivered his opinion that the city was not liable, and in closing his opinion said:

"I am impressed with the idea that this statute fixes the penalty for failure to make some claim, at least, before the council within 90 days, and that the penalty is that the claim is thereafter forever barred. And I do not believe that the claimant can say that he has lost any rights, or has been prejudiced, or lulled into security by any action on the part of the council in this case. The fact that they did take some action upon the claim did not lull the plaintiff into any security whatever. If they had seen fit to allow him anything, he would have been that much

ahead; but, if they had allowed him anything, I doubt very much whether the claimant could have enforced the payment.   I do not believe the council have any right to dispose of the public money against the express provision of law, and for that reason I am led to believe that, under the facts as they stand proven here, the plaintiff would not be entitled to recover."

Counsel for plaintiff then made a further statement that the chairman of the committee to whom the claim was referred had a conference with one of the attorneys for the plaintiff, and asked to be furnished proof with regard to the existence of the hole, the length of time it had been there, the extent of the injury, etc., and that, in compliance with such request, affidavits showing the facts were furnished.   Counsel did not state by whom they were furnished.   After this statement the court directed a verdict for the defendant.

*H. L. Larwill* and *H. R. Jewett,* for appellant.

*Herbert R. Clark,* for appellee.

GRANT, J. (*after stating the facts*).   The provision of the charter reads as follows:

"And all claims for damages against the city growing out of the negligence or default of said city, or of any officer or employé thereof, shall be presented to the common council of said city in the manner above provided, and the place and circumstances out of which said claim arose shall be fully set forth therein, within three months after such claim shall arise, and, in case of any default thereof, said claim shall thereafter be forever barred." Act No. 321, Local Acts 1897, § 112.

Plaintiff's counsel claim that the notice required by the statute was waived by the action of the council.   The right of action had been barred for nearly three months before claim was made to the common council.   No testimony was taken, and no trouble or expense was incurred by plaintiff's decedent.   His counsel voluntarily presented some affidavits to the common council.   Under plaintiff's

opening statement, the claim was not presented as a matter of right, but the attorneys for the decedent urged upon different members of the council "the justice of giving this old man something for his injuries." The investigation asked and promised was not intended or designed as the basis of a right of action. The only assurance given by the members of the council in their individual, not official, capacity, was that they would investigate, and, if they thought he ought to have anything, they would recommend that the council give him something. All that the council did was done pursuant to this promise. Plaintiff's decedent was not lulled into a feeling of security, as was the plaintiff in *Renackowsky* v. *Board of Water Com'rs*, 122 Mich. 613 (81 N. W. 581). If any one was lulled into action or nonaction, it was defendant, through its common council, by a request on the part of the plaintiff's attorneys to consider the claim as a matter of grace. Action founded upon such a request does not form the basis for waiver or estoppel. See the recent cases of *Blumrich* v. *Village of Highland Park*, 131 Mich. 209 (91 N. W. 129); *Chamberlain* v. *City of Saginaw*, *ante*, 61 (97 N. W. 156).

The provision of the charter was one of limitation, and not merely the requirement of a notice as a condition precedent to bringing suit. It operated as a bar to the right of action as effectually as would the general statute of limitations. Under a statute whose language was not so strong as this in fixing a limitation of the action, we said, speaking through my Brother HOOKER, "The statute is an unambiguous limitation on the right to bring an action after the lapse of a year." We also said, speaking of the negotiations between the claimant and the city officials, under circumstances somewhat similar to this:

" We are not informed that these negotiations were more than a listening to importunities of plaintiff's counsel, and a patient hearing and investigation of what he had to offer, with a view to recommend some recompense for plaintiff's injury, if convinced that he had a meritorious

case, notwithstanding the statute had run against his right of action; and there is nothing to indicate that the members of the committee had a suspicion that plaintiff did not know that the council had taken action, and there is nothing in the record that indicates that the council, or even the committee or city counselor, supposed that the plaintiff was deferring the commencement of suit in reliance on a supposed intention to adjust his claim." *Klass* v. *City of Detroit*, 129 Mich. 35, 37 (88 N. W. 204).

Many cases from this and other courts upon the question of waiver or estoppel are there cited and commented upon.

This was an action of tort, and, once barred, cannot be revived. *Vickers* v. *Stoneman*, 73 Mich. 419 (41 N. W. 495); 19 Am. & Eng. Enc. Law (2d Ed.), 289; *Oothout* v. *Thompson*, 20 Johns. 277; *Peterson* v. *Breitag*, 88 Iowa, 418 (55 N. W. 86); *Goodwyn* v. *Goodwyn*, 16 Ga. 114; *Galligher* v. *Hollingsworth*, 3 Har. & McH. 122. The circumstances under which the statute of limitations is suspended and parties estopped to set it up by reason of their own wrongs are sufficiently discussed in *Klass* v. *City of Detroit, supra.* Mr. Grant, his attorneys, and the members of the council all fully understood that he then had no legal claim against the city; in other words, they knew that his claim was absolutely barred by the statute. Can the officers of a corporation, by consenting to consider a claim absolutely barred by the statute, revive it? No such authority can be implied, and, in the absence of express authority, it does not exist. We are cited to no case holding that it does.

Judgment affirmed.

CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred with GRANT, J. MOORE, C. J., concurred in the result.