## HUGHES *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—REPAIR OF SIDEWALKS—COMMON LAW
   —STATUTES.

   The duty of a city to keep its sidewalks in repair is based solely
   on statute, such duty of a city not having existed at common
   law (CL 1948, §§ 242.1–242.8).

2. SAME—REPAIR OF SIDEWALKS—LIMITATION OF ACTIONS—CON-
   STRUCTION OF STATUTES.

   Statute setting forth that actions based on failure of city to
   keep its sidewalks in repair must be brought within 2 years
   from time injury was sustained *held*, plain and without ne-
   cessity for judicial construction (CL 1948, § 242.8).

3. LIMITATION OF ACTIONS—TORTS—REVIVAL.

   An action of tort that is once barred by the statute of limitations
   cannot, like an action arising out of contract, be revived by
   either an express or implied agreement.

4. SAME—MAXIMS—ESTOPPEL—FRAUD.

   Such exception as there may be to the maxim that nothing can
   interrupt the running of the statute of limitations is limited to
   an estoppel involving an intentional or negligent deception on
   the part of the party owing the duty and does not apply where
   the limitation upon the action is contained in the statute creat-
   ing the liability.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur, Highways § 348.
[1] Municipal liability for injury due to condition of street. 109
   ALR 605.
   Liability of municipality for injury to person or property due to
   improper plan for or defects in original construction of street
   or highway. 90 ALR 1502.
   Liability of municipal corporation for injuries from snow or ice
   on sidewalk. 13 ALR 17; 80 ALR 1151.
[2] 25 Am Jur, Highways § 561.
[3] 34 Am Jur, Limitations of Actions § 292.
[4] 34 Am Jur, Limitations of Actions § 411 *et seq.*
[5] 53 Am Jur, Trial § 313.
[6, 7] 25 Am Jur, Highways § 364.

5. PLEADING—WELL-PLEADED ALLEGATIONS OF FACT—MOTION TO DIS-
MISS.
Well-pleaded allegations of fact, but not conclusions, in a declara-
tion must be taken as true for purposes of determining a motion
to dismiss.

6. MUNICIPAL CORPORATIONS—CITY SIDEWALKS—REPAIR—STATUTES.
It is not the primary duty of an abutting property owner to a
sidewalk in a city to maintain the sidewalk in a fit condition
for travel, since that duty has been imposed upon the city by
statute (CL 1948, §§ 242.1–242.8).

7. SAME — DEFECTIVE SIDEWALK — ABUTTING OWNER — STATUTES —
NUISANCE.
Defendant owner whose property abutted sidewalk in which some
prisms had been removed so as to leave some holes 3 inches in
diameter into which plaintiff's crutch went and caused him
injury, was not liable for defective conditions of the sidewalk,
where city's primary liability as imposed by statute had not
been imposed by ordinance upon such abutting owner and
recovery was not sought from such owner on the theory of either
a private or public nuisance (CL 1948, §§ 242.1–242.8).

Appeal from Wayne; Culehan (Miles N.), J. Sub-
mitted January 9, 1953. (Docket No. 65, Calendar
No. 45,711.) Decided April 13, 1953. Rehearing
denied June 8, 1953.

Case by Clyde S. Hughes against City of Detroit
and another for injuries sustained when his crutch
went through hole in sidewalk. Case dismissed on
motion. Plaintiff appeals. Affirmed.

*Bloom & Bloom,* for plaintiff.

*Paul T. Dwyer,* Corporation Counsel, and *Leo E.
LaJoie,* Assistant Corporation Counsel, for City of
Detroit.

*Davidson, Kaess, Gotshall & Kelly (Roy P. Nel-
son,* of counsel), for defendant Jay Are Paper Com-
pany.

BOYLES, J. Plaintiff sued the city of Detroit and Jay Are Paper Company to recover damages resulting from injuries sustained by plaintiff due to defects in a sidewalk in Detroit along the front of the paper company's premises. The city moved to dismiss the suit on the ground that it had not been begun within the statutory limitation of time for starting such actions and the paper company moved to dismiss on the ground, *inter alia,* that there was no primary duty on its part to maintain or repair the sidewalk. The trial court granted both motions and the plaintiff appeals.

The declaration alleges that plaintiff's injury was sustained on October 14, 1947. The suit was started May 5, 1950. Insofar as it alleges liability of the city, it is based on chapter 22 of PA 1909, No 283 (CL 1948, §§ 242.1–242.8 [Stat Ann §§ 9.591–9.598]).* Section 1 of this chapter creates the liability of townships, villages and cities for neglect to maintain public highways, streets, sidewalks, et cetera, in reasonable repair. Any such liability of a city is based on said statute—the duty of a city to keep its sidewalks in repair did not exist at common law. *Rivard* v. *City of Bay City,* 279 Mich 317.

Section 8 was added to said chapter by PA 1915, No 301 (CL 1948, § 242.8 [Stat Ann § 9.598]). It concludes as follows:

"All actions in court under this act must be brought within 2 years from the time *said injury was sustained.*"

Emphasis is here given to the concluding words of said limitation because they distinguish it from decisions in which courts have considered the question as to when the plaintiff's cause of action arose. The language in this statute is plain and leaves no room for judicial construction. However, it is interesting

---

* Subsequent amendment by PA 1951, No 19, does not apply.

to note that in some of the earlier cases decided by this Court, indicating that plaintiff's cause of action did not arise until after expiration of the time within which notice of the injury must be given the city, or until the lapse of a reasonable time within which the city must act after having received such notice, the Court held that suit might be barred by the statute. For example, see *Holtham* v. *City of Detroit,* 136 Mich 17, and cases cited therein. The Court there held (syllabus):

"An action against a city for a negligent injury, barred because of plaintiff's failure to give notice to the law department within the 3 months required by the charter, cannot be revived by the action of the council in consenting to consider the claim."

And in *Miller* v. *Village of Birmingham,* 145 Mich 470, the Court reaffirmed said doctrine, by quoting from the *Holtham Case, supra,* as follows:

" 'An action of tort, once barred by the statute of limitations, cannot, like an action arising out of contract, be revived by either an express or implied agreement,' citing *Renackowsky* v. *Board of Water Com'rs of Detroit,* 122 Mich 613; *Van Auken* v. *City of Adrian,* 135 Mich 534."

Plaintiff relies on *Springer* v. *City of Detroit,* 118 Mich 69. The facts and circumstances distinguish it from the case at bar. In that case the injury was sustained in 1891. After our earlier decision in *Springer* v. *City of Detroit,* 102 Mich 300 (1894), a second suit was begun June 18, 1896, following an amendment of the city charter, effective September 1, 1895, providing for a time limit within which the claimant must begin suit, and also the time within which the claimant must give notice of the injury to the city. It excepted from its provisions suits for injuries for which there then existed a lawful cause of action and allowed further time for commence-

ment of suit. Decision hinged upon the question when the cause of action had accrued, whether based upon the time when the claim had been presented to the city council and a reasonable time allowed the city for investigation and decision. Among other things, the Court said:

"We have already seen there was no lawful cause of action, within the meaning of the statute, until a verified claim had been presented to the council, and a reasonable time given them to investigate, and decide what the city would do. Both parties treated the investigation as though made within a reasonable time, and, as the delay was caused by the investigation, the city cannot set it up as a defense in this action."

In *Klass* v. *City of Detroit,* 129 Mich 35 (95 Am St Rep 407), the plaintiff sued the city of Detroit for damages resulting from personal injury received December 31, 1895, on account of failure by the city to keep a street in repair. The then statute limited the time for bringing suit to 1 year from the time the injury was received. Suit was begun March 23, 1897, more than a year from the time the injury was received. The trial court directed a verdict for the defendant on the ground that the suit was barred by the statute. On appeal, the Court found that the city had not, by its delay in denying the claim, deceived the plaintiff into believing that suit was not necessary or thereby induced him to forego suit; and that there was no intentional deception exercised by the city. In that respect, the case is the same as the case at bar. In affirming the trial court, the Court said:

"The statute is an unambiguous limitation on the right to bring an action after the lapse of a year. It was presumably known to the plaintiff and his counsel. The common council was under no obligation to

take any action, and, had it pursued that policy, the plaintiff could not maintain an action not begun within the statutory period.     *     *     *

"The legislature has found reason for requiring actions against cities to be promptly brought, and a strict construction of its enactment would defeat all actions brought after the expiration of the period fixed by law. It is a legal maxim that nothing can interrupt the running of the statute of limitation, and it is commonly stated without any qualification. But the courts have ingrafted upon statutes of limitation an exception based upon estoppel. This seems to be limited to cases involving an intentional or negligent deception, and the remedy used to be a bill in equity to enjoin the pleading of the statute. *     *     * There is an absence of anything in the nature of a promise to pay as a consideration for forbearance, and of anything in the nature of a recognition of plaintiff's right of action. Unless we are to say that the statute is a bar in no case when negotiations are continued beyond or renewed after the period of the statute, we cannot sustain plaintiff in his contention, and we find no case justifying so broad a rule."

In the instant case plaintiff's suit was not begun within 2 years from the time the injury was sustained. The trial court held that plaintiff's right to recover damages from the city for his injury was barred by the limitation of time within which to sue, provided for in the statute which created the right. Plaintiff claims that the delay in starting suit was caused by the inaction and delay of the city authorities in investigating, considering and passing on plaintiff's claim. However, the city made no false promises of payment, no inducements were held out to plaintiff to delay starting suit, no statutory inhibition intervened, and plaintiff could have filed his declaration by which suit was begun within the 2-year limitation.

"A positive distinction seems to be made between cases in which the limitation of time for bringing suit is contained in the statute which creates the liability and right of action and general statutes of limitations of the rights of action existing under other statutes or under the common law. In the former the limitation of time is a limitation of the right, and, as has been said, the suit cannot be maintained if not brought within the time limited. In the latter the limitation of time for bringing suit is a limitation of the remedy only, and it has been held that under such general statutes of limitation the defendant may be estopped from the benefit of the statute by an agreement waiving it, or by concealment or by fraud. The statute here in question creates a new liability, and takes away defenses formerly available, and the right of action therein created is conditioned upon its enforcement within a prescribed period. The action not having been brought within such period designated by the statute, it is lost, and the trial court ruled correctly in so holding." *Bement* v. *Grand Rapids & Indiana R. Co.,* 194 Mich 64 (LRA 1917E, 322).

The trial court properly granted the city's motion to dismiss as to the city, on the ground that suit was barred by the statute.

Plaintiff's declaration in a separate count alleges that the paper company was the owner of the premises abutting the sidewalk in question; that it was so constructed as to contain a large number of holes, each approximately 3 inches in diameter, provided for the purpose of emitting light to the space below said walk, used and occupied by said paper company; that at the time of the injury some of said openings were covered by glass and others were without glass; that said openings were of such nature and size as to permit a cane or crutch used by a pedestrian to be caught in said opening; and that plaintiff was injured when his crutch went into such an opening, resulting

in his fall and injury. The declaration further alleges that because the sidewalk was thus maintained for the private use and benefit of the paper company, it had the duty to properly maintain it in a safe condition; and that the paper company was negligent in failing to maintain said premises in a safe condition for travel. For purposes of the paper company's motion to dismiss, well-pleaded material allegations of fact in the declaration, but not conclusions, must be taken as true. Do they set up a cause of action? The trial court held not, on the ground that the owner of abutting property could not be held primarily liable for a failure to repair and maintain a sidewalk in a condition reasonably safe for travel.

Obviously, the dismissal of the suit as against the city leaves the case standing solely against the paper company. Hence, there is no occasion to further consider whether the city is liable in this suit, either separately or as a joint tortfeasor, to respond to the plaintiff in damages, or for contribution.

The gist of plaintiff's claim here is that the trial court erred in dismissing the suit as to the paper company inasmuch as the sidewalk was built with glass prisms and maintained for the use and benefit of the paper company, and that there was therefore a duty upon the paper company to see that it was kept in repair. Quoting from plaintiff's brief:

"It is the contention of plaintiff * * * that the owner of the abutting property, having made a particular use of the sidewalk for its private purpose, is liable with the city or independently for injury resulting from the defective condition of that portion of the walk so maintained."

It was not the primary duty of the owner to so maintain and repair. As hereinbefore indicated, in

this State that duty is imposed upon the city, by statute.

In *City of Detroit* v. *Chaffee,* 70 Mich 80, where the city of Detroit sued the owner of property adjacent to a sidewalk for neglect to repair a sidewalk after notice from the city, the Court in denying plaintiff the right to recover said:

"The right of the plaintiff to a recovery in this case depends upon the question whether it was the primary duty of the defendant, as between himself and the plaintiff, to keep the sidewalk in front of his premises in repair, so as not to cause accident or injury to persons traveling over the same.

"Exclusive control of the streets, including the sidewalks, is by the charter conferred upon the common council of the city. It is entirely discretionary with that body to say when and where sidewalks shall be constructed in front of adjacent property.

"There is no duty imposed upon an adjoining own-er, or liability created for neglect, either to construct or keep in repair a sidewalk at the common law. The duty and liability are exclusively statutory. This duty is first imposed upon the adjacent landowner when the common council takes action under and in accordance with the provisions of the charter above quoted. When such action is taken, the duty to construct or repair is primarily laid upon the adjacent owner."

It is conceded that in the instant case the city had not given plaintiff any notice to repair, under the charter.

"Plaintiff claimed to have been injured by falling into a hole in a sidewalk upon one of the streets of the defendant city, and opposite a vacant lot owned by the defendant Hubbard. His ground of liability against the city is the statutory duty to keep its sidewalks in condition fit for travel; against the defendant company, that it broke the sidewalk by driving its teams across it; and against the defendant Hubbard,

that he was the owner of the lot, and neglected to construct a sidewalk after service of notice upon him by the city to do so.   *   *   *

"The lot owner cannot be sued by the injured party, because neither the common law nor the statute gives him the right of action. The charter nowhere, either directly or impliedly, authorizes or contemplates that the injured party may bring suit against the lot owner." *Lynch* v. *Hubbard,* 101 Mich 43.

It is conceivable that if that were not the law, and if it was the primary duty of the owner of adjacent property to maintain or repair a sidewalk in front of his premises, on the ground that he received private use and benefit from the sidewalk, coincidental with its use by the public for travel, the landowner would not only have the right, but the duty, to make repairs, which might be against the best judgment of the municipal authorities.

Plaintiff relies on language in *Fisher* v. *Thirkell,* 21 Mich 1 (4 Am Rep 422), brought by an injured individual against owners of property abutting a sidewalk in Detroit. The plaintiff had fallen through a hole in the sidewalk used by the owners of adjacent premises for putting wood or coal into their cellar. The owners had made the excavation and put in the coalhole. Plaintiff alleged that they were liable for maintaining a nuisance, based on the common law. However, for reasons stated in the opinion, the Court held the owners not liable.

Other cases are also cited by plaintiff referring to the liability of owners of adjacent property for neglect to repair sidewalks which were constructed or maintained in part for the use and benefit of the owners of such abutting property. Generally, such suits were based on claims that the owners of property adjacent to a sidewalk were guilty of maintaining a nuisance under the common law, by failing to

properly install, properly maintain or repair side-walks which were also for use and benefit of such owners. They are not applicable under the declaration filed here by the plaintiff, joining the paper company with the city as defendants. There is no allegation that the paper company was guilty of maintaining either a private or a public nuisance under the common law. Nor is there any claim of affirmative acts or active negligence on the part of the paper company as a basis for claiming damages against it, as in the *Fisher Case, supra.* In this State, the duty to maintain and repair sidewalks and the liability for failure so to do rests primarily on the municipality. Under the statute and the ordinances of the city of Detroit, the liability, if any, of the owner of adjacent property is secondary. Having properly dismissed the suit against the city, the court did not err in also dismissing plaintiff's suit as against the paper company.

Affirmed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSH-NELL, SHARPE, and REID, JJ., concurred.