GREEN v CITY OF DETROIT

Docket No. 78-166. Submitted October 16, 1978, at Detroit.—Decided
    November 28, 1978.

Loraine Green brought an action in Wayne Circuit Court against
    the City of Detroit for damages resulting from a fall on an
    allegedly defective city sidewalk. Myron H. Wahls, J., granted
    accelerated judgment to defendant based on the two-year stat-
    ute of limitations applicable to the defective highway statute.
    The two-year statute had run by the time plaintiff filed her
    action in circuit court. Plaintiff claims that she followed the
    claims procedure delineated in a city ordinance and that this
    served to stop the statute of limitations from running. *Held:*

1. The City of Detroit is not estopped from applying the
    statute of limitations in a damage action against the city where
    the city's representatives neither deceived nor misled plaintiff
    into believing that her claim would be settled without suit.

2. The statute of limitations bars an action for damages
    against a municipal corporation even though a city ordinance
    provides that such actions "shall be brought only in the court
    provided by law" because actions provided for in the ordinance
    are governed by the very same statute of limitations as applies
    where an action is brought without reference to the ordinance.
    Affirmed.

1. LIMITATION OF ACTIONS—MUNICIPAL CORPORATIONS—TORTS—DECEP-
    TION—ESTOPPEL.

A municipal corporation will not be estopped from asserting the
    statute of limitations unless it was responsible for deceiving a
    plaintiff and inducing him to postpone his action for damages
    upon some reasonably well grounded belief that his claim
    would be settled without suit.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur 2d, Limitation of Actions §§ 116, 431 *et seq.*
    Limitation period as affected by requirement of notice or presenta-
    tion of claim against governmental body. 3 ALR2d 711.
[3] 51 Am Jur 2d, Limitation of Actions § 353.

2. LIMITATION OF ACTIONS—MUNICIPAL CORPORATIONS—TORTS—DECEP-
TION—ESTOPPEL.

There is no basis for application of the doctrine of estoppel so as
to halt the running of the statute of limitations against a city
for a claim for damages against the city where the city's
representatives neither deceived nor misled plaintiff into believ-
ing that her claim would be settled.

3. MUNICIPAL CORPORATIONS—TORTS—LIMITATION OF ACTIONS—ORDI-
NANCES—COURTS.

An action for damages against a municipal corporation under the
defective highways statute is barred by the two-year statute of
limitations unless an action is commenced in circuit court;
following the claims procedure delineated in a city ordinance
does not serve to stop the statute of limitations from running
where the very same statute of limitations applies both to
actions described in the ordinance ("shall be brought only in
the court provided by law") and to actions brought without
reference to the ordinance.

*Eugene J. Stroia* and *W. Dow Heimbrook,* for
plaintiff.

*Roger E. Craig,* Corporation Counsel, and *Mer-
cedes Mueckenheim,* Assistant Corporation Coun-
sel, for defendant.

Before: BEASLEY, P.J., and R. B. BURNS and J. H.
VANDER WAL,* JJ.

BEASLEY, P.J. Plaintiff appeals as of right from
the granting of accelerated judgment to the de-
fendant based on the two-year statute of limita-
tions applicable to the "defective highways" stat-
ute.[1]

Plaintiff alleges that on July 29, 1974, she suf-
fered injuries by falling on a defective sidewalk in
the City of Detroit.[2] However, she did not file suit

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCL 691.1411; MSA 3.996(111).

[2] Contrary to MCL 691.1402; MSA 3.996(102).

for damages in the circuit court until November 14, 1977. Thus, on its face, the two-year statute of limitations has run and bars plaintiff's action.

In trying to avoid this result, plaintiff claims that she followed the claims procedure delineated in defendant's ordinance and that this served to stop the statute of limitations from running.[3]

In 1974, defendant city amended its ordinance entitled "Processing of Claims Against the City" to add six sections.[4] The amendment is described as "to determine the extent and manner of processing and settling claims against the City". Among other things, the ordinance now provides that all claims "shall be first submitted to and reviewed by the Law Department, that the Law Department [of the city] shall promptly notify the claimant of its decision, and if the claim is denied, of claimant's right to appeal such decision to the Auditor General [of the city]", that the claimant has 20 days to make such appeal to the auditor general, and that the auditor general shall hold a hearing within 45 days, after having given at least 10 days notice to claimant. Within 15 days after completion of the hearing, the auditor general is directed to make a determination regarding the disputed claim which determination is final, subject to any appeal which "shall be brought only in the court provided by law". Settlements may be made only with the consent of the city council. Last, the ordinance provides:

---

[3] City of Detroit Ordinance 920-G provides:

"Sec. 2-2-10. All claims of whatever kind against the City, excluding claims by City Employees arising out of the employment relationship, claims against the Department of Water and Sewerage, and undisputed claims for services, labor, and materials furnished to City Departments shall be first submitted to and reviewed by the Law Department."

[4] The amendment became effective July 1, 1974, adding new sections known as 2-2-10, 2-2-11, 2-2-12, 2-2-13, 2-2-14 and 2-2-15.

"Sec. 2-2-15. All claims of whatever kind against the City must be filed in accordance with the general law of the State applicable to the filing of claims against governmental agencies; otherwise no claim for money or damages may be brought against the City."

In this case, plaintiff made written claim against the city on November 7, 1974, of the July 29, 1974, fall and was assigned claim number 28235. On December 16, 1975, plaintiff was informed her claim had been denied, and that she had a right to appeal to the auditor general. She claims that on December 30, 1975, she appealed to the auditor general; defendant city denies ever receiving such an appeal. Defendant city alleges that twice in 1976 plaintiff's attorneys wrote regarding "documentation of the damage claim". Defendant city says that eventually the subject of the appeal to the auditor general came up and that they gave plaintiff "the advantage of the doubt" and sent the appeal to the auditor general on May 10, 1977. On July 21, 1977, the auditor general held a hearing and, on September 26, 1977, the auditor general advised plaintiff that the claim was denied.

As indicated, plaintiff then filed suit for damages on November 14, 1977, but was met by defendant's motion for accelerated judgment on the ground that the two year statute of limitations had run, which motion was granted.

We do not interpret the cited ordinance as requiring resort to and compliance with it by a claimant as a condition precedent to bringing suit in the circuit court.

In some respects, the ordinance prescribes an internal procedure for processing and handling of claims against the city by the city.

We note that MCL 691.1404; MSA 3.996(104) requires verified notice to the governmental

agency of the occurrence of the injury and the defect. We do not interpret the ordinance as freeing a claimant of his duty under that statute.

The type of issue here raised by plaintiff-appellant is not new in Michigan. In *Klass v Detroit,*[5] which was a 1901 case, plaintiff claimed to have suffered injury on December 31, 1895, as a result of failure to repair a street, made claim to the common council on January 7, 1896, and started suit on March 23, 1897. The then statute required notice of injury within three months and commencement of suit within one year. Hearings had been held before defendant's committee on claims and accounts as late as March 1897. When the city attorney advised counsel for plaintiff in March, 1897, that the claim was being denied, plaintiff promptly started suit within about ten days. The issue was whether the circumstances of the case estopped defendant city from availing itself of a defense that the statute of limitations had run. The court said not, holding that defendant will not be precluded from asserting the statute of limitations unless defendant was responsible for deceiving the plaintiff and inducing him "to postpone action upon some reasonably well grounded belief" that his claim would be settled without suit.[6]

In *Renackowsky v Board of Water Commissioners of Detroit,*[7] plaintiff alleged injury by defendant's negligence in 1893, but did not start suit until 1897. The trial court dismissed plaintiff's action on the ground that the statute of limitations had run. In reversing, the Supreme Court noted defendant had made payments to plaintiff in response to his claim and interpreted defendant's

---

[5] 129 Mich 35; 88 NW 204 (1901).

[6] *Klass v Detroit, supra,* p 40.

[7] 122 Mich 613; 81 NW 581 (1900).

conduct to constitute a promise to pay. The Supreme Court concluded that defendant, by its course of conduct, led plaintiff to believe a lawsuit to enforce his claim was unnecessary and, therefore, defendant was estopped from asserting the statute of limitations as a bar to plaintiff's action.

More recently, a similar issue was raised in *Yarger v Hastings.*[8] Plaintiff claimed she was injured on April 29, 1961, in a fall in a hole in the sidewalk more than two inches deep. On May 12, 1961, plaintiff made claim to defendant city for compensation for her injury. Thereafter, sporadic communications passed back and forth between plaintiff's counsel and defendant's insurance carrier until August, 1963, when the insurance carrier denied the claim on the ground that the statute of limitations had run. When plaintiff started suit, defendant sought to avail itself of the statute of limitations, and plaintiff responded by claiming defendant's conduct estopped application of the statute of limitations. The Supreme Court affirmed the trial court's ruling that plaintiff's claim was barred because the statute of limitations had run. In declining to find estoppel, the Supreme Court held that the limitation "was not of the remedy but of the right under the very statute creating that right" and that a waiver or estoppel cannot be worked against this kind of limitation by a defendant's misrepresentations.[9]

*Hughes v Detroit*[10] was another injury from defective sidewalk case. Plaintiff claimed the injury was sustained on October 14, 1947, but did not start suit until May 5, 1950. At that time, the statute of limitations was two years. The Supreme

---

[8] 375 Mich 413; 134 NW2d 726 (1965).

[9] *Yarger v Hastings, supra,* p 419.

[10] 336 Mich 457; 58 NW2d 144 (1953).

Court affirmed dismissal of the suit by the trial court on the basis of the statute of limitations, saying that defendant city made no false promises of payment nor inducements to delay.

Review of these cases poses the issue here. Were the circumstances of this case such as to lead plaintiff to believe that defendant would not assert the statute of limitations in defense?

As a general proposition, courts incline to find an estoppel from asserting the statute of limitations where there is misleading conduct.[11] However, the cited Michigan cases indicate a disinclination to apply estoppel to running of the statute of limitations. In this case, there is no basis for finding a promise not to assert the statute of limitations. Here plaintiff argues that the language of the ordinance, the fact that when defendant's law department advised plaintiff that her claim was denied, they also advised her of her right to appeal to the auditor general and the fact that the hearing before the auditor general commenced on July 21, 1977, *after* the statute of limitations had run under defendant's theory of its applicability, should give rise to estopping defendant city from availing itself of the statute of limitations.

In the within case, when, on December 16, 1975, defendant city's law department advised plaintiff that her claim was denied, the statute of limitations had not run and there was ample time for plaintiff to file suit in the circuit court.

Plaintiff had a choice. Either plaintiff could file suit or plaintiff could, under the ordinance, appeal the denial recommended by the law department to the auditor general for a hearing and determination. Plaintiff chose the latter.

---

[11] Dawson, Estoppel and Statutes of Limitation, 34 Mich L Rev 1 (1935).

The record does *not* indicate that the city's representatives deceived or misled plaintiff. If plaintiff misinterpreted the effect of the ordinance and assumed the statute of limitations was stopped by resort to appeal to the auditor general of the city, that error cannot be attributed to or laid at the doorstep of the city's representatives.

Fair reading of the cases we have cited, considered in conjunction with what happened here, does not indicate a basis for application of the doctrine of estoppel so as to halt the running of the statute of limitations. It was not error for the trial court to conclude that plaintiff's suit for damages was barred by expiration of the statute of limitations, at least insofar as we view it as an original action.

In her complaint, plaintiff alleged she was bringing action pursuant to § 2-2-12(h) of defendant's ordinance.[12] As indicated, the language of that section of the ordinance is "shall be brought only in the court provided by law".

Since claims such as plaintiff's would fall under the governmental immunity rule, but for the exception contained in the defective highways statute, we interpret the ordinance to refer to the "defective highways" statutes.

Thus, an appeal, as provided for in the ordinance, is governed by the very same statute of limitations as applies where a damage suit is brought without reference to the ordinance.

Consequently, we conclude that, regardless of which theory we attribute to plaintiff, her claim is barred by the statute of limitations.

Affirmed

---

[12] City of Detroit Ordinance 920-G, § 2-2-12(h) provides:

"(h) The Auditor General, within 15 days after the completion of such hearing, shall make a determination on such disputed claim; the determination by the Auditor General shall be final; any appeals from such determination shall be brought only in the court provided by law;"