ATTORNEY GENERAL *v.* MERCHANTS & MECHANICS TRUST
CO., LTD.

1. STATUTES—REPEALS BY IMPLICATION NOT FAVORED—INTENT.
   Repeals by implication are not favored, and whether there
   has been such repeal in a given instance rests on the legis-
   lative intent.

2. SAME—INTENT TO SUPERSEDE PRIOR STATUTES MAY BE INFERRED
   FROM GENERAL REVISION.
   Where existing legislative enactments relating to a given sub-
   ject-matter are revised and consolidated in the form of a
   general revision or code, an intent to supersede prior statutes
   may, as a rule, be inferred.

3. PARTNERSHIP—NOT ENTITLED TO USE WORDS "TRUST COMPANY"
   —STATUTES—REPEAL BY IMPLICATION.
   The provision of Act No. 210, Pub. Acts 1917, prohibiting the
   use of the words "trust company," in so far as it applied
   to partnership associations limited, was not repealed either
   expressly or by implication by Act No. 84, Pub. Acts 1921,
   which relates to "corporations" in a strict sense, and con-
   tinues in force said inhibition as to them, and, therefore, a
   partnership association limited organized under Act No. 191,
   Pub. Acts 1877, is not entitled to use said words in its name.

Certiorari to Ingham; Carr. (Leland W.), J. Sub-
mitted January 10, 1929. (Docket No. 56, Calendar
No. 33,906.). Decided March 29, 1929.

*Quo warranto.* proceedings by William W.. Potter,
attorney general, against the Merchants & Mechanics
Trust Company, Limited, a copartnership, and its
members, to show authority for use of certain words
in the firm name. From judgment of ouster, de-
fendants bring certiorari. Affirmed.

*Wilber M. Brucker,* Attorney General, and *Paul G. Eger,* Assistant Attorney General, for the people.

*Retan & Zeleznik,* for respondents.

Clark, J. We adopt the opinion of the trial judge:

"This is a *quo warranto* proceeding instituted by the attorney general, challenging the right of the defendant company to use the words 'Trust Company' in its name. Said defendant was incorporated under Act No. 191 of 1877 (2 Comp. Laws 1915, § 7950 *et seq.*); its articles being recorded with the secretary of State under date of March 10, 1927. It is the claim of the attorney general, as set forth in the information, that defendant is prohibited by the express terms of Act No. 210 of 1917 from using the words referred to as a part of its name, and that said act was in force and effect at the time defendant was organized. The case has been submitted on the pleadings and on the briefs of counsel. In its plea defendant asserts that the act of 1917 was unconstitutional because it conflicted with section 21 of article 5 of the State Constitution, and that, if not invalid for the reasons assigned, it was repealed by Act No. 84 of 1921 (Comp. Laws Supp. 1922, § 9053[1] *et seq.*).

"The first question raised is apparently determined adversely to the claim of defendant by the decision of the Supreme Court in *Whitney Realty Co. v. Secretary of State,* 228 Mich. 96, where it was in substance held that the term 'corporation' may be construed in a statute, if such is the manifest legislative intent, as including partnership associations limited, organized under the act of 1877. In their brief, counsel for defendant have apparently abandoned the claim based on section 21 of article 5 of the Constitution, and rely wholly on the contention that Act No. 210 of 1917 was impliedly repealed by the corporation code of 1921.

"It has been repeatedly declared by the Supreme Court of the State that repeals by implication are not favored. Whether or not there has been such a repeal in a given instance rests on the legislative intent. If existing legislative enactments relating to a given subject-matter are revised and consolidated in the form of a general revision or code, an intent to supersede prior statutes may, as a rule, be inferred. Such principle was announced and applied in the recent case of *Ray Corporation* v. *Secretary of State*, 241 Mich. 457. There it was held that Act No. 182 of 1891 (3 Comp. Laws 1915, §§ 11352–11355), providing for the renewal of the period of corporate existence, was superseded by Act No. 84 of 1921 (Comp. Laws Supp. 1922, § 9053 [1] *et seq.*). However, the prior statute there involved related solely to corporations; and undoubtedly the intent of the legislature in the enactment of the code was to bring together in one comprehensive statute various provisions relating to corporations. In conformity with such intent, specific provision was made in the code to the effect that the word 'trust' might not be used in a corporate name, except as expressly authorized. In so far, therefore, as Act No. 210 of 1917 applied to corporations in the strict sense of the term, it is undoubtedly superseded by the code. It does not follow, however, that an intent to relieve partnership associations limited, organized under the act of 1877, is to be inferred.

"No claim is made that Act No. 191 of 1877, providing for the organization of partnership associations limited, or any act relating to such associations, other than Act No. 210 of 1917, was repealed by the code. Attention has been called to no provision of the code from which any inference as to any such repeal may be drawn. On the contrary, the provisions of section 8, chap. 1, pt. 1 (Comp. Laws Supp. 1922, § 9053[8]), negative any such intent. Clearly the legislature in the enactment of the revised statute of 1921 had in mind the matter of providing for

the organization, powers, etc., of corporations in the proper sense of the term, eliminating partnership associations limited. Furthermore, it is scarcely to be conceived that the legislature intended to continue the inhibition imposed by the act of 1917 on corporations, as was specifically provided for in the code, but to relieve partnership associations therefrom.

"As I view the situation, the conclusion is unavoidable that Act No. 84 of 1921 superseded Act No. 210 of 1917 in so far as the last-cited act applied to corporations, but did not supersede it in so far as its application to partnership associations limited is concerned.

"It follows that judgment must enter in the case in accordance with the prayer of the information."

Affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.