BUCHANAN *v.* KULL.

1. PHYSICIANS AND SURGEONS—MALPRACTICE—SUFFICIENCY OF PLEAD-
ING—LIMITATION OF ACTIONS.

In action for malpractice incident to thyroidectomy defend-
ants' claims that declaration alleged negligence in operation
only and not in the after-care and treatment following the
operation and that declaration contains conclusions to the
effect that defendants fraudulently concealed their negligence
and did not sufficiently allege the essential elements of fraud-
ulent concealment of her cause of action, not commenced until
over two years after the operation *held,* untenable under rec-
ord presented (3 Comp. Laws 1929, § 13976, as amended by
Act No. 72, Pub. Acts 1941).

2. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT—DISCOVERY.

Where a cause of action is fraudulently concealed from a person
entitled thereto, such person may commence an action within
2 years after he discovers it although it would be otherwise
barred by the statute of limitations (3 Comp. Laws 1929,
§ 13983).

3. SAME—FRAUDULENT CONCEALMENT.

Fraudulent concealment, tolling statute of limitations, means
employment of artifice, planned to prevent inquiry or escape
investigation, and mislead or hinder acquirement of infor-
mation disclosing a right of action and acts relied on must
be of an affirmative character and fraudulent (3 Comp. Laws
1929, § 13983).

4. PHYSICIANS AND SURGEONS—MALPRACTICE—POSTOPERATIVE FRAUD-
ULENT CONCEALMENT OF CAUSE OF ACTION—PLEADING.

Declaration in action for malpractice incident to thyroidectomy
which left plaintiff without power of vocalization and which
alleged that defendants' course of treatment was continuous

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 41 Am. Jur., Physicians and Surgeons, §§ 123, 124.
[1, 2, 4, 8] When statute of limitations commences to run against ac-
tions against physicians, surgeons, or dentists for malpractice.
74 A.L.R. 1317, supplemented in 144 A.L.R. 209.
[1, 2, 4, 8] What constitutes concealment which will prevent running
of statute of limitations. 173 A.L.R. 576, especially pages 605,
606.
[1, 2, 4, 8] Statute of limitations applicable to action against physi-
cian, surgeon, or dentist to recover for injuries due to improper
treatment. 74 A.L.R. 1256, supplemented in 151 A.L.R. 1027.
[5, 6] 41 Am. Jur., Pleading, §§ 25, 27, 77, 79.
[7] 41 Am. Jur., Pleading, § 77.

and intermittent from the time of the operation up until about a month before the action was commenced and specifying the nature of the treatments sufficiently alleged fraudulent concealment of her cause of action where it showed a plan to prevent inquiry or to escape investigation.

5. PLEADING—STATEMENT OF CAUSE OF ACTION.

All pleadings must contain a plain and concise statement without repetition of the facts on which the pleader relies in stating his cause of action (Court Rule No. 17, § 1 [1945]).

6. SAME—BREVITY.

Pleadings must be as brief as the nature of the case will admit (Court Rule No. 17, § 2 [1945]).

7. SAME—DECLARATION.

The declaration must contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend (Court Rule No. 19, § 1 [1945]).

8. PHYSICIANS AND SURGEONS—MALPRACTICE—POSTOPERATIVE TREATMENT.

Failure to give needed continued care and treatment after an operation, under opportunity and obligation to do so, would constitute malpractice and during the course of treatment the plaintiff would not necessarily be put to inquiry relative to the treatment accorded him.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 7, 1948. (Docket No. 45, Calendar No. 44,139.) Decided January 3, 1949.

Case by Olive Buchanan against Albert F. Kull and another for malpractice. Case dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Samuel B. Keene* (*George Stone,* of counsel), for plaintiff.

*Knight, Snider & Feikens,* for defendants.

NORTH, J. The question presented by this appeal is: Did the circuit judge commit error in granting defendants' motion to dismiss plaintiff's suit on the

ground "that the declaration as amended is defective and does not state a good cause of action?"

Plaintiff seeks recovery of damages for alleged malpractice charged against defendants. Defendant Dr. Kull is an osteopathic physician and defendant Dr. Johnson is an orthopedic surgeon. Accepting as true the facts alleged in plaintiff's amended declaration, the following appears:

"That in the month of October, 1944, plaintiff employed defendant Kull as physician and surgeon to treat, heal and cure her of such ailments as she was then suffering from, and in accordance with his advice, employed said defendant to perform upon her an operation commonly known as thyroidectomy and to treat, heal and cure the condition from which she was suffering, and for that purpose defendant, as physician and surgeon, undertook to attend, operate on, heal, cure and care for plaintiff, with a due degree of professional care.

"That said defendant Kull did thereupon, or about such time, and for such purpose as hereinbefore mentioned, associate with him and become associated with the defendant Johnson, to participate with him jointly in the said operation, healing, curing and caring for plaintiff with a due degree of professional care; that said defendant Johnson did, at or about such time, become associated with defendant Kull in the manner and for the purposes above set forth, and did thereupon undertake jointly with defendant Kull to operate on, treat, heal, cure and care for plaintiff with a due degree of professional care, and skill.

"That thereupon said defendants, Albert F. Kull and Albert C. Johnson, for a reasonable reward then or thereafter to be paid to them by plaintiff or on her behalf, did jointly undertake to act as the physicians, surgeons and doctors of plaintiff, and did jointly undertake and agree to examine, diagnose, treat, operate upon and care for said plaintiff, to restore her to her former, natural, healthful and

sound condition, in a skillful and careful manner, and to use in the premises, the means, methods, and the skill and care commonly used by physicians and surgeons of ordinary skill and ability in that and similar communities in such cases. * * *

"That in the month of October, 1944, said defendants did perform upon plaintiff the operation commonly known as thyroidectomy. * * *

"That in performing such operation, defendants were so careless, unskillful and negligent as to sever, cut and injure plaintiff's laryngeal nerve, the motor nerve running to and serving plaintiff's larynx and vocal chords, and did in such careless, unskillful and negligent manner sever, cut and injure other nerves and parts of plaintiff's neck and throat so as to cause her the severe pain and suffering hereinafter mentioned. * * *

"That as a result the motive power of said nerve was destroyed and plaintiff's larynx and vocal chords were deadened and paralyzed, and her vocal chords rendered immovable, useless and nonvocal, and her power of vocalization was wholly destroyed. * * *

"That at the time of said operation the defendants had, and ever since have had, or in the exercise of reasonable diligence, should have had, full knowledge of said injuries and of plaintiff's condition and the cause thereof. That plaintiff had, however, no knowledge thereof whatsoever, nor any means of getting such knowledge except through her said suffering and symptoms and through the defendants themselves, and defendants well knew that plaintiff had no knowledge or suspicion thereof. That at all times since said operation in October, 1944, and up until the month of December, 1946, plaintiff had and reposed full faith and confidence in defendants, believed and relied upon all their statements, and depended wholly upon them for knowledge of her condition. * * *

"That after said operation, plaintiff did still continue, until the month of December, 1946, to have full

faith and confidence in the advice and treatment of defendants and to follow such advice and treatment. That said defendants did, either carelessly, negligently or fraudulently, advise plaintiff after such operation that her condition was due to lack of calcium and to asthma and a heart condition and did, up to about December, 1946, treat her by giving her calcium, adrenalin and digitalis, all the time knowing, or by reasonable and careful examination should have known, that such condition was due to their negligence and carelessness in severing the nerves during the operation, and that plaintiff's vocal chords were totally and permanently immobile and paralyzed.

"That all of said careless and negligent acts of defendants at the time of the said operation were carefully withheld from plaintiff and were not disclosed to her by defendants at such time or at any time thereafter, defendants fraudulently and deceitfully concealing from plaintiff her right to demand reparation from them. That all of the acts and statements of defendants since such operations [operation?] were false and fraudulent and were made with the intent and design that plaintiff should believe, rely and act thereon, to the end that defendants should be protected from any demands for reparation by the statute of limitations. That plaintiff believed, relied and acted thereon. * * *

"That plaintiff did not discover the falsity and fraud of defendant's concealment of their wrongful acts at and during the operation as hereinbefore more particularly alleged, and of defendants' fraudulent concealment of the truth and fraudulent diagnosis and treatment after such operation, until the month of December, 1946, when, being dissatisfied with the advice and treatment being received from defendants, she underwent an examination at the Ford Hospital in the said city of Detroit, and was then and there advised by the physicians in charge that her vocal chords, laryngeal nerve and other nerves had been completely cut, severed and par-

alyzed, and that her present condition was due thereto and would never improve. * * *

"Plaintiff alleges that the course of treatment of the defendants through their joint undertaking to cure plaintiff was continuous and intermittent from the time of said operation up to and including the 1st day of December, A.D. 1946."

Plaintiff's suit was commenced by declaration, service of which was made on or before January 8, 1948; and an amendment to plaintiff's declaration was filed March 17, 1948. Thereafter and on April 19, 1948, the order dismissing plaintiff's suit was filed. In defendants' brief it is stated that their motion to dismiss, "premised on the statute of limitations" (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 * [Comp. Laws Supp. 1945, § 13976, Stat. Ann. 1947 Cum. Supp. § 27.605]), is based on the following:

"The declaration alleges negligence in the operation only *and not in the after-care and treatment following the operation.*

"The declaration contains conclusions to the effect that defendants fraudulently concealed their negligence in the operation from plaintiff *but plaintiff does not sufficiently allege the essential elements of fraudulent concealment of plaintiff's cause of action.*"

Our review of the record brings the conclusion that neither of the above reasons or grounds is tenable. Even if it were conceded that plaintiff's declaration alleges only negligence in the operation and not "in the after-care and treatment," still in view of the alleged fraudulent concealment by defendants of plaintiff's cause of action, the suit would not be barred by the above cited statute of limitations, which normally bars malpractice suits unless

* 4 Comp. Laws 1948, § 609.13.—Reporter.

brought within 2 years after the cause of action accrues. But in the instant case plaintiff has alleged that she did not discover the fraudulent concealment charged against defendants until December, 1946, and in such case the statute provides: "If any person who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter." 3 Comp. Laws 1929, § 13983 * (Stat. Ann. § 27.612).

Plaintiff's suit, wherein service was obtained in January, 1948, and the amendment to her declaration filed in March, 1948, was not barred by the statute of limitations if her cause of action was fraudulently concealed by defendants, as alleged in plaintiff's declaration. See *Midwest Theatres, Inc.,* v. *Unemployment Compensation Commission,* 317 Mich. 319.

After careful reading of plaintiff's declaration, from which we have above quoted quite at length, we cannot agree with defendants' contention that "plaintiff does not sufficiently allege the essential elements of fraudulent concealment of plaintiff's cause of action." On this phase of the case defendants rely much on our decision in *De Haan* v. *Winter,* 258 Mich. 293, wherein we said: "Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." But we are of the opinion that the allegations in plaintiff's

---

* 4 Comp. Laws 1948, § 609.20.—REPORTER.

declaration in the instant case amply comply with the foregoing requirement.

Further, we are not in accord with defendants' contention that the declaration does not allege negligence "in the after-care and treatment following the operation." While plaintiff's declaration as amended in the circuit court might have been more detailed as to the claimed failure of defendants to properly treat plaintiff's alleged condition following the operation, nonetheless we are of the opinion that the declaration complies with the rules of pleading about to be noted; and clearly the declaration does allege continuous postoperative treatment, as above noted, in the following words:

"Plaintiff alleges that the course of treatment of the defendants through their joint undertaking to cure plaintiff was continuous and intermittent from the time of said operation up to and including the 1st day of December, A.D. 1946."

The rules of pleading just above referred to provide:

"All pleadings must contain a plain and concise statement without repetition of the facts on which the pleader relies in stating his cause of action." Court Rule No. 17, § 1 (1945).

"Pleadings shall be as brief as the nature of the case will admit." Court Rule No. 17, § 2 (1945).

"The declaration shall contain such specific allegations as will reasonably inform the defendant of the nature of the cause he is called upon to defend." Court Rule No. 19, § 1 (1945).

In *De Haan* v. *Winter, supra,* wherein the action was against a physician to recover damages for alleged malpractice in setting and treating plaintiff's broken leg, we said:

"When did plaintiff's cause of action accrue? Until treatment of the fracture ceased the relation of

patient and physician continued, and the statute of limitations did not run. *Schmit* v. *Esser,* 183 Minn. 354 (236 N. W. 622), and reported with annotations in 74 A. L. R. 1312. While decisions are not in accord upon this question, we are satisfied that in such an action as this the statute of limitations does not commence to run while treatment of the fracture continues. Failure to give needed continued care and treatment, under opportunity and obligation to do so, would constitute malpractice. During the course of treatment plaintiff was not put to inquiry relative to the treatment accorded him."

Hereinbefore we have been considering only count one of plaintiff's declaration; but since our conclusion would, in point of law, apply with equal force to count two of the declaration, further writing is unnecessary. Also, it should be noted that our decision herein has not been affected by the amendment to plaintiff's declaration allowed by order of this Court after this appeal had been submitted.

The order entered in the circuit court dismissing plaintiff's suit is reversed, and the case remanded for further proceedings therein. Plaintiff may have costs of this Court.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.