PFAFF *v.* OGEMAW COUNTY ROAD COMMISSIONERS.

1. HIGHWAYS AND STREETS—DEFECTS—STATUTE OF LIMITATIONS—COUNTY ROAD.

The 2-year limitation prescribed for bringing an action for injuries due to failure to maintain a road in a condition reasonably fit and safe for travel, as added to the general highway law by an amendatory act which added sections to the chapter on recovery of damages against townships, cities and villages, applies also to provision imposing the same liability upon counties in such matters as applies to townships, cities and villages (PA 1909, No 283, ch 4, § 21, ch 22, §§ 1, 3; ch 22, §§ 6-8, as added by PA 1915, No 301).

2. STATUTES—TITLE OF ACT—CONSTITUTIONAL LAW—GENERAL HIGHWAY LAW—LIMITATION OF ACTIONS.

The failure to mention a statute of limitations as to actions against a governmental unit for failing to keep its highways in a condition reasonably fit and safe for travel in the title of the general highway law does not render such provision as to limitation unconstitutional, where the title does state the

REFERENCES FOR POINTS IN HEADNOTES
[2] 50 Am Jur, Statutes, § 165 *et seq.*

purpose of the act in general terms (Const 1908, art 5, § 21; PA 1909, No 283, ch 22, § 8, as added by PA 1915, No 301).

Appeal from Ogemaw; Shaffer (John C.), J. Submitted October 8, 1958. (Docket No. 15, Calendar No. 47,375.) Decided December 3, 1958.

Case by Wayne Pfaff against Board of County Road Commissioners of Ogemaw County for personal injuries sustained in automobile collision. Dismissed on motion. Plaintiff appeals. Affirmed.

*Peter C. Cicinelli* and *van Benschoten & van Benschoten (Eugene D. Mossner*, of counsel), for plaintiff.

*Smith & Brooker (James K. Brooker*, of counsel) and *Randall B. Clemence*, for defendant.

EDWARDS, J. In his declaration dated October 31, 1956, plaintiff in this case sets forth that he suffered extremely serious injuries on November 6, 1953, when his automobile was struck head-on by another automobile traveling on the wrong side of the road as a result of defendant's failure to maintain the county road in question in a condition reasonably fit and safe for travel.

Subsequent to filing of declaration and answer, defendant filed a motion to dismiss the suit on the grounds that it was filed more than 2 years after the accident and, hence, was barred by the 2-year limitation contained in section 8 of chapter 22 of the general highway law.

The circuit judge granted the motion and plaintiff appeals to this Court, claiming the application of the 2-year limit, rather than the general 3-year statutory limit on tort actions (CLS 1956, § 609.13 [Stat Ann 1957 Cum Supp § 27.605]) was in error.

The provision relied upon by appellee and the circuit judge is contained in a section dealing with liability of townships, villages and cities for injuries due to failure to keep streets and highways, et cetera, under their jurisdiction reasonably safe and fit for travel, and providing for timely notice of claim as to these bodies. The last sentence of the section reads:

"All actions in court under this act must be brought within 2 years from the time said injury was sustained." CL 1948, § 242.8 (Stat Ann § 9.598).

Plaintiff founds his action, however, upon section 21 of chapter 4 of the general highway law. (CLS 1952, § 224.21 [Stat Ann 1953 Cum Supp § 9.121]), the applicable portions of which follow:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system."

This Court has previously held that the reference in the second of the sentences quoted above is to the liability section, section 1 of chapter 22 (CLS 1956, § 242.1 [Stat Ann 1957 Cum Supp § 9.591]), and through it to the duty section, section 3 of chapter 22 (CL 1948, § 242.3 [Stat Ann § 9.593]):

"This liability of townships, cities, villages, and corporations referred to in the portion of section 21 last quoted is created by section 1 of chapter 22 of this act, which reads as follows:

"'Any person or persons sustaining bodily injury upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, crosswalks, and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the township, village, city, or corporation, whose corporate authority extends over such public highway, * * * whose duty it is to keep the same in reasonable repair, such township, village, city, or corporation shall be liable to and shall pay to the person or persons so injured or disabled just damages, to be recovered in an action * * * on the case before any court of competent jurisdiction.'

"The duty mentioned in the section just quoted is imposed by section 3 of the same chapter, as follows:

"'It is hereby made the duty of townships, villages, cities, or corporations to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all public highways, streets, bridges, sidewalks, crosswalks, and culverts that are within their jurisdiction and under their care and control, and which are open to public travel.'" *Ferguson* v. *County of Muskegon,* 181 Mich 335, 340, 341.

The pertinent language of section 21 of chapter 4, *supra,* and sections 1 and 3 of chapter 22, *supra,* was last enacted in PA 1909, No 283.* This act was a lengthy revision and consolidation of statutory provisions relating, among other things, so the title provided, to "the establishment * * * maintenance and use of the public highways." Chapter 4 of this act is entitled "County road law," and chapter 22 is entitled "Recovery of damages."

In 1915 this act was amended by the passage of PA 1915, No 301. The title of Act No 301 referred to adding "three new sections to chapter 22 of said act to be known as sections 6, 7 and 8."† The 2-year

---

* Note amendment in 1951 not relevant to this case (CLS 1956, § 242.1 [Stat Ann 1957 Cum Supp § 9.591]).

† CL 1948, §§ 242.6–242.8 (Stat Ann §§ 9.596–9.598).—Reporter.

limitation was contained in the last of these sections.

As we have noted, the 2-year limitation is applicable to "all actions in court under this act." Appellant contends the words "this act" refer only to sections 6, 7 and 8, as added by amendatory Act No 301, PA 1915.

The fact that PA 1915, No 301, was an amendment to the preceding PA 1909, No 283, helps to preclude any such interpretation. So does our consideration of the 3 sections added, sections 6, 7 and 8, which are plainly interrelated with the whole of chapter 22. We believe that the legislature intended the limitation adopted in 1915 to apply both to sections 1 and 3 of chapter 22 establishing the general duty and liability of townships, villages, cities and corporations, and to actions against counties founded upon section 21 of chapter 4, in view of the plain reference in this last section to section 1 of chapter 22.

Appellant also asserts that the limitation is unconstitutional under the Michigan Constitution (1908), art 5, § 21, since such limitation is not specifically referred to in the title of the act. The title of the act states its purpose in general terms, and its constitutionality has been previously upheld as to this type of objection. *Housten* v. *Jewett*, 248 Mich 587; *Schnepper* v. *Thompson*, 264 Mich 691.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.