## YARGER *v.* CITY OF HASTINGS.

1. HIGHWAYS AND STREETS—PERSONAL INJURIES FROM DEFECTIVE
SIDEWALK—LIMITATION OF ACTIONS.

   The specific 2-year statutory limitation in the highway law
   controls action by plaintiff brought for injuries sustained by
   reason of an alleged defective city sidewalk rather than
   general 3-year limitation on tort actions contained in the
   judicature act (CL 1948 and CLS 1961, § 242.1 *et seq.;* CLS
   1956, § 609.13).

2. STATUTES—IMPLIED REPEAL.

   Repeal of a statute by implication is not favored.

3. SAME—IMPLIED REPEAL—INTENT.

   Whether or not there has been an implied repeal of a statute
   in a given instance rests on the legislative intent.

4. LIMITATION OF ACTIONS—GENERAL STATUTE—SPECIAL ACT—IM-
PLIED REPEAL.

   A subsequent enactment of a general law containing a 3-year
   limitation for bringing action of tort did not impliedly repeal
   a special act containing a 2-year limitation for bringing an
   action created by the special act (CL 1948, § 242.8; CLS
   1961, § 600.5805).

5. SAME—ESTOPPEL—EVIDENCE.

   Words and action of legal counsel attorneys for defendant city's
   insurer, which contain no element of concealment, deception,
   or promise *held,* insufficient to afford a basis for establishing
   an equitable estoppel to assert defense of 2-year statute of
   limitations contained in statute giving rise to cause of action
   for personal injuries sustained by reason of defect in city
   sidewalk, especially where plaintiff had experienced attorneys

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  34 Am Jur, Limitation of Actions §§ 102, 105, 160, 161, 397.
[2]  50 Am Jur, Statutes §§ 534, 538.
[3]  50 Am Jur, Statutes § 535.
[4]  50 Am Jur, Statutes §§ 534, 561.
     34 Am Jur, Limitation of Actions § 31.
[5]  34 Am Jur, Limitation of Actions §§ 411, 412.
[6]  34 Am Jur, Limitation of Actions § 420.

representing her within 2 weeks after her injury (CL 1948, § 242.8).

6. SAME—ESTOPPEL—DECEPTION—STATUTE CREATING LIABILITY.

Such exception as there may be to the maxim that nothing can interrupt the running of the statute of limitations is limited to an estoppel involving an intentional or negligent deception on the part of the party owing the duty and does not apply where the limitation upon the action is contained in the statute creating the liability.

7. PLEADING—MOTION TO DISMISS—STATUTE OF LIMITATIONS.

A motion to dismiss is a proper means for raising the defense that the claim is barred by statute of limitations (GCR 1963, 116.1[1]).

Appeal from Barry; McDonald (Archie D.), J. Submitted March 4, 1965. (Calendar No. 70, Docket No. 50,782.) Decided May 10, 1965.

Complaint by Dorothy Yarger against City of Hastings, a municipal corporation, for alleged injuries sustained from a fall on city sidewalk. Judgment for defendant. Plaintiff appeals. Affirmed.

*Morris & Culver* (*William H. Culver,* of counsel), for plaintiff.

*Cholette, Perkins & Buchanan* (*Grant J. Gruel,* of counsel), for defendant.

DETHMERS, J. On April 29, 1961, plaintiff was injured by falling into a hole more than 2 inches deep in one of defendant city's public sidewalks. On May 12, 1961, plaintiff, by her attorneys, filed a claim with defendant city for resulting injuries. On May 22, 1961, the city clerk presented the claim to the city council, which referred it to its insurance committee. On November 2, 1961, defendant's insurance carrier acknowledged, by letter to plaintiff's attorneys, receipt of the latter's May 12th letter or claim

sent to the city and wrote that when said attorneys should indicate that their file was ready for negotiation the carrier's local representative would contact them. A year later, on November 15, 1962, plaintiff's attorneys wrote defendant's carrier that they were ready to discuss the matter and requested that its adjuster contact them. On November 27, 1962, the carrier wrote the attorneys, asking for a list of plaintiff's special expenses so that they might have a basis for a figure on which to discuss a settlement. On February 6, 1963, plaintiff's attorneys sent such statement to defendant's carrier. On February 15th it acknowledged receipt thereof by letter to plaintiff's attorneys and asked for copies of plaintiff's medical reports and X rays. A copy of said statement of plaintiff's special expenses was also sent to the city on March 12, 1963, and its city council, on March 25, 1963, referred the claim to the city attorney. On May 27, 1963, plaintiff requested information from the city as to whether they had considered the claim. The city council at no time passed on, allowed or refused plaintiff's claim. On August 1, 1963, plaintiff forwarded 2 medical reports to the carrier and was advised that the carrier was relying on the statute of limitations and the claim was barred thereby. On August 15, 1963, plaintiff commenced suit.

Defendant moved to dismiss the suit on the ground that the statute had run on the cause of action. Plaintiff filed answer to the motion, with supporting affidavit, claiming that defendant was estopped from relying on the statute of limitations because it had deceived plaintiff, misled her into believing a suit was not necessary and thus lulled her into a false sense of security, so that she was induced to withhold suit for more than the 2-year statutory period. Plaintiff also filed demand for jury trial.

The trial court granted defendant's motion to dismiss, subject to the right of plaintiff to amend her complaint. Plaintiff did so amend, setting forth additional allegations which her attorneys deemed to constitute a basis of their claim of estoppel, as above indicated. After hearing arguments of counsel on defendant's motion to dismiss as relates to the amended complaint, the court entered an unconditional order to dismiss. Plaintiff appeals.

Plaintiff's action was necessarily brought under the provisions of the general highway law, PA 1909, No 283, as amended (CL 1948 and CLS 1961, § 242.1 et seq. [Stat Ann 1958 Rev § 9.591 et seq.]), which provides for liability by the governmental unit responsible for the upkeep of a public sidewalk for damages to any person injured by reason of its failure to maintain the same in reasonable repair. Section 8 of that act (CL 1948, § 242.8 [Stat Ann 1958 Rev § 9.598]) provides that all actions in court under that act "must be brought within 2 years from the time said injury was sustained". This suit was commenced more than 2 years after the injury.

In *Pfaff* v. *Ogemaw County Road Commissioners,* 354 Mich 575, this Court held that this specific 2-year statutory limitation in the highway law controls this kind of action rather than the general 3-year limitation on tort actions then contained in CLS 1956, § 609.13 (Stat Ann 1957 Cum Supp § 27.605). It has also been so recognized in *Osgerby* v. *Tuscola Circuit Judge,* 373 Mich 237. See, also, *Bement* v. *Grand Rapids & I. R. Co.,* 194 Mich 64 (LRA1917E, 322), and *Hughes* v. *City of Detroit,* 336 Mich 457.

Plaintiff urges that the said 2-year limitation in the general highway law was repealed by implication by the subsequent 3-year limitation contained in PA 1961, No 236, § 5805 (CLS 1961, § 600.5805 [Stat Ann 1962 Rev § 27A.5805]). The latter section, how-

ever, is merely a re-enactment, in substance, in the new, revised judicature act, of the previous provision in the judicature act of 1915 to the same effect, that being the limitation of remedy contained in CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605 [2]). The 2-year limitation in the general highway law also was enacted in 1915 (Act No 301 [CL 1948, § 242.8 (Stat Ann 1958 Rev § 9.598)]). Repeals by implication are not favored, and whether or not there has been such a repeal in a given instance rests on the legislative intent. *Attorney General* v. *Merchants & Mechanics Trust Co., Ltd.,* 246 Mich 456; *Attorney General, ex rel. Owen,* v. *Joyce,* 233 Mich 619. It clearly was not the legislative intent to have enactment of the limitation of remedy in the revised judicature act serve as a repealer of the substantive limitation of right in the general highway law (CL 1948, § 242.8 [Stat Ann 1958 Rev § 9.598]).

Furthermore, the revised judicature act, containing section 5805 and its 3-year limitation of remedy provision, is a general law governing practice in Michigan courts, in contrast to the special act, referred to above as the highway law, creating the right here involved and containing the 2-year limitation of that right in CL 1948, § 242.8 (Stat Ann 1958 Rev § 9.598). As held in *People* v. *Wenzel,* 105 Mich 70, repeal by implication is not favored where the effect is to repeal a special act by a general law. To same effect, see *People* v. *Hanrahan,* 75 Mich 611 (4 LRA 751) *Regents of University of Michigan* v. *Auditor General,* 109 Mich 134.

Next we consider plaintiff's claim of equitable estoppel to assert the defense of the 2-year limitation. She cites *Glus* v. *Brooklyn Eastern District Terminal,* 359 US 231 (79 S Ct 760; 3 L ed 2d 770), in which petitioner brought action under the Federal employer's liability act, which limits the bringing of actions thereunder to 3 years after accrual of the

cause of action. Allegedly, the defendant had represented to him that he had 7 years in which to sue. That alleged misrepresentation was the basis for the estoppel holding in that case. In *Midwest Theatres, Inc.,* v. *Unemployment Compensation Commission,* 317 Mich 319, the 3-year limitation on assessments of contributions under the unemployment compensation act was held extended by fraudulent concealment of the cause of action because the statute expressly provided for such extension thereof after date of discovery. In the instant case there was no concealment by defendant from plaintiff of her cause of action. In fact, plaintiff had attorneys within 2 weeks of the injury, who filed a claim therefor with defendant. There was no misrepresentation by defendant or its insurer as to the statutory time in which the action might be brought nor any inducement not to bring it. The only words or actions of defendant or its insurer, on which plaintiff relies for estoppel, were (1) a letter from the insurer to plaintiff's attorneys, dated some 6 months after the injury, acknowledging receipt of plaintiff's claim and stating that when the attorneys would indicate their readiness to negotiate the insurer would contact them; (2) a year later, when plaintiff's attorneys wrote the carrier that they were ready to negotiate, the carrier wrote those attorneys to ask for a copy of plaintiff's special expenses so it would have a basis on which to discuss settlement; and (3) a letter from the carrier to plaintiff's attorneys, dated 2-1/2 months before the running out of the 2-year period, acknowledging receipt of the statement of expenses, requesting medical reports and X rays and stating that it looked forward to a respectful relationship with the attorneys. Individually or in combination, these do not form the basis of an equitable estoppel under the above holdings cited by plaintiff. The elements of concealment or deception or of promise

to settle are completely lacking. Certainly, experienced attorneys, which plaintiff here had representing her, as distinguished from the lay claimants involved in the cited cases, should not have been deceived in any way or lulled into a false sense of security thereby, so as to have withheld bringing suit within the statutory period.

In *Osgerby* this Court quoted with approval from *Hughes* v. *City of Detroit,* 336 Mich 457, to the effect that the limitation, as here, was not of the remedy but of the right under the very statute creating that right and held, accordingly, as in *Hughes,* that a waiver or estoppel cannot be worked against the limitation by defendant's misrepresentations. Applicable to the facts at bar is the following from *Hughes* (p 462):

"In the instant case plaintiff's suit was not begun within 2 years from the time the injury was sustained. The trial court held that plaintiff's right to recover damages from the city for his injury was barred by the limitation of time within which to sue, provided for in the statute which created the right. Plaintiff claims that the delay in starting suit was caused by the inaction and delay of the city authorities in investigating, considering and passing on plaintiff's claim. However, the city made no false promises of payment, no inducements were held out to plaintiff to delay starting suit, no statutory inhibition intervened, and plaintiff could have filed his declaration by which suit was begun within the 2-year limitation."

We approve as a correct statement of the law the language of the fourth syllabus in *Hughes,* as follows (p 457):

"Such exception as there may be to the maxim that nothing can interrupt the running of the statute of limitations is limited to an estoppel involving an intentional or negligent deception on the part of the

party owing the duty and does not apply where the limitation upon the action is contained in the statute creating the liability."

No factual dispute exists controlling the question of whether the cause of action was outlawed when suit commenced. Accepting as true every claim made by plaintiff in her complaint, answer to motion and supporting affidavit, the fact remains, from the face of plaintiff's pleadings, that plaintiff's suit was not seasonably brought and that her cause of action and right under the statute had been cut off under its own terms. Under GCR 1963, 116.1(1), a motion to dismiss is a proper means for raising the defense that the claim is barred by statute of limitations. It was, therefore, proper for the court to grant the motion to dismiss, without according plaintiff a jury trial as demanded.

Affirmed. Costs to defendant.

KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred with DETHMERS, J.

T. M. KAVANAGH, C. J., and BLACK, J., concurred in result.