DR. LUIS E. GONZÁLEZ SALDAÑA, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. CI-63-3.        Decided October 15, 1963.

*Luis A. Negrón López* and *Luis Negrón Lizardi* for petitioner. *Donald R. Dexter, Carmen Ana Archeval,* and *Miguel A. Guzmán Soto* for the Manager of the State Insurance Fund.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Petitioner was an employee of the School of Medicine of the University of Puerto Rico, where he worked as pathologist. On January 28, 1960 he suffered a gastrointestinal hemorrhage due to a duodenal ulcer, as the consequence of a period of excessive work in which the employee's functions and duties had been doubled. His immediate superior, Dr. Koppisch, ordered confinement in bed and treatment and offered to see that all the steps connected with the matter were taken, such as sending notice to the State Insurance Fund and to the office of personnel of the School of Medicine. In addition to Dr. Koppisch, Drs. Cuello, García Palmieri, and Lugo Rigau examined the patient, all of them connected with the School of Medicine. The patient was submitted to treatment—X-ray tests, confinement in bed, diet, blood analysis, etc. After some time he recovered considerably and was able to resume his work. The patient is of the opinion that he had excellent medical attention.

Petitioner believed that the Fund had been informed of his illness, but later learned, upon going to said office, that that was not the case. He took the necessary steps and on January 15, 1961 Dr. Koppisch signed an employer's report, which was received at the Fund on March 9, 1961. On May 9, 1961 petitioner was examined by a physician of the Fund, who stated in his report that petitioner was "asymptomatic."

The diagnosis rendered on this occasion was "bleeding duodenal ulcer, treated and improved."

The decision of the Manager of the State Fund, after a brief summary of the facts, states:

"The facts of the case having been examined, the Manager of the State Insurance Fund decides that said employee's condition on January 28, 1960, was related to his work, and further decides to deprive said employee of his right to compensation because he himself filed his claim one year and twelve days after the occurrence of the accident, thus being negligent as to the claim of his right."

The Industrial Commission, on a vote of two to one, supported the Manager. The vote of the writer of the decision which came to be the minority vote, makes a detailed relation of the facts. In addition to the foregoing it states that at the hearing the Fund's attorney offered in evidence an employer's report signed by Dr. Koppisch on January 15, 1961, the medical part of which is signed by Dr. Roberto Rodríguez; that another employer's report signed by Dr. Koppisch on February 3 and received at the State Fund on February 9, 1961 was also introduced in evidence; that petitioner's counsel "did not object to the acceptance of said reports, but he referred to the sworn statement offered by Dr. Koppisch on March 8, 1961, in which said physician testified that a report had been rendered after the hemorrhage of 1960, Mr. Dexter (the Fund's attorney) advising that said report does not appear in the record of the State Fund; that there only appeared a report signed on February 2, 1960 and received at the Fund on February 9 of the same year, and another report of January 15, 1961 received at the State Fund on March 9, 1961."

The afore-mentioned report of Dr. Koppisch of January 1960 did not appear in the record of the Fund (at the time of the hearing of the case before the Commission, Dr. Koppisch had passed away). The minority vote in the Commis-

sion, favorable to petitioner, is grounded on the fact that (1) the claimant believed in good faith that the Fund had been informed by his immediate superior, Dr. Koppisch; (2) that petitioner has satisfactorily explained his delay in presenting himself to the Fund's physician; (3) that the Fund has not been prejudiced since the employee had adequate medical attention, is asymptomatic, and he can perform his work and is performing it.

The two majority votes supported the Manager for they understood that petitioner's claim has prescribed, for said claim "was brought before the Manager of the State Insurance Fund one year and twelve days after the date of the accident" and because § 8 of Act No. 102 of September 1, 1925 provides, insofar as pertinent, that "if on the lapse of one year counting from the date of the accident or death of the laborer, no application has been filed, the right of said laborer or his heirs shall prescribe." The preceding citation was taken from the vote of Commissioner Manuel de Jesús Mangual.

Forthwith we wish to explain that when the parties refer to § 8 of Act No. 102 of September 1, 1925, actually they do not refer to § 8 of said Act No. 102, but to § 8 of Act No. 10 of February 25, 1918, which was amended by § 2 of said Act No. 102 of 1925. Said Act of 1925 designated its articles "sections." The first section amends the title of said Act of 1918; its § 2 amends a number of sections— among them the aforesaid § 8—of the Act of 1918; its § 3 is the usual separability clause; its § 4 provides that "All laws or parts of laws in conflict herewith are hereby repealed" and its § 5 is the section in force. See Laws of 1925 at pp. 904, 906, and 946.

Apart from whether or not Dr. Koppisch filed the employer's report in January 1960 immediately after the employee's illness, there is no controversy as to the facts. The question is, therefore, whether or not § 8 of Act No. 10 of

February 25, 1918, as amended, is in force. If it is not, we must decide whether or not the employee satisfactorily explained his delay in presenting himself to the physician of the State Fund or whether, on the contrary, his delay in so doing was not satisfactorily explained, pursuant to the provision of § 5 of the Act in force, Workmen's Accident Compensation Act, No. 45 of April 18, 1935, as amended, 11 L.P.R.A. § 6.

The "Workmen's Accident Compensation Act" of February 25, 1918, as amended in 1919, 1920, 1921 and 1925, being in force, the Legislative and Executive powers approved on May 14, 1928, Act No. 85 of said year, Sess. Laws, p. 630. Said Act No. 85 of 1928 constitutes a new law on this matter of workmen's compensation. Its § 1 entitled it "Workmen's Accident Compensation Act," *identical* name which was also given by provision of its § 1 to the former Act for workmen's accident compensation, Act No. 10 of February 25, 1918, Sess. Laws, p. 55. An examination of the titles and sections of the Acts of 1918 and 1928 will convince us, and their texts clearly show it, that the Act of 1928 is not an amendment to the former Act but it is a new and complete Act intended to substitute the former Act. It suffices to examine them carefully to understand that it cannot be presumed that the Legislative Assembly intended the flagrant anomaly of maintaining in force two incompatible statutes to govern the same matter. The Act of 1928 is more detailed and complete than its predecessor of 1918, as amended, containing, undoubtedly, the additions and explanations which were found to be necessary from the experience of ten years of operation of said system in Puerto Rico. It is true that the Act of 1928 did not expressly repeal the former Act, but there is no doubt that it did so impliedly in its § 57 by virtue of which all laws or parts of laws in conflict therewith are repealed.

██ This is a repeal known as repeal by revision, which operates when the Legislature approves an Act covering anew the entire subject matter of the former law and the comparison of both acts indicates that the legislative intent was to substitute the new Act for the old one. The legislative power in said cases has revised the legislation, substituting new views for old ones. Certainly, express repeals are preferable, but the absence thereof cannot preclude us from facing the reality. *Posadas* v. *National City Bank of New York*, 296 U.S. 497, 503 (1936); *Payne* v. *Buchanan*, 148 N.E.2d 537, 540 (1958); *St. Louis S.W. Railway Co.* v. *Robinson*, 308 S.W.2d 282, 284 (1957); *Chicago R. I. & P. R. Co.* v. *Cohen*, 267 S.W.2d 774, 776 (1954); *Meek* v. *Wheeler*, 125 S.W.2d 331, 334 (1939); *People* v. *Gould*, 178 N.E. 133, 144 (1931); *Bay Bridge Ferry Corp.* v. *County Commissioners*, 153 Atl. 441, 444 (1931); *Potter* v. *Merchants' and Mechanics' Trust Co.*, 224 N.W. 624, 625 (1929); and *People* v. *Borgeson*, 166 N.E. 451, 453 (1929). See, also, Crawford, Statutory Construction 674, § 326, and I—Sutherland, Statutory Construction 475, § 2018.

██ It is necessary to keep in mind that subsequent to Act No. 10 of 1918, which contained the § 8 in question, the afore-mentioned Act No. 85 of 1928 was approved, and seven years later the Act now in force, "Workmen's Accident Compensation Act," No. 45 of 1935, which *expressly* repealed in its § 51 its predecessor of the year 1928. It is plain that after such a transformation has taken place through the enactment and re-enactment by the Legislative Assembly of three complete and successive Acts on the same subject matter—Act No. 10 of 1918, Act No. 85 of 1928, and Act No. 45 of 1935—§ 8 of the Act of 1918 is not in force. We can hardly attribute to said section the feline characteristic of surviving once and again those vicissitudes.

It should be noted that the existing Workmen's Accident Compensation Act, No. 45 of April 18, 1935, Sess. Laws,

p. 250, 11 L.P.R.A. § 1 *et seq.*, expressly establishes different prescriptive terms, without leaving them to the administrative or judicial discretion. For example: In its § 3, 11 L.P.R.A. § 3, in establishing the basis for determining the weekly compensation to which a workman is entitled, it expressly fixed the term of 30 days to appeal from the decision of the Manager to the Industrial Commission. In the same section, in establishing the right to receive compensation in case of death, it provided that death must occur within three years from the time of the accident. Likewise, in said § 3 in stating the diseases entitled to compensation, the Act establishes that the disease must be contracted within the 12 months prior to the date of the disability caused thereby. The same section provides that in order to establish the claims in case of occupational diseases the claims shall be established within a period of time not to exceed three years, reckoning from the date on which the workman learned of the nature of the disability and its relation to the work. Thus, § 4 of the Act, 11 L.P.R.A. § 4, establishes a number of express terms in relation to the compensation in case of diseases of the respiratory system. Likewise, express terms are established for the appeal from the Manager's decisions to the Industrial Commission in § 10 of the Act and to request the review by the Supreme Court, in § 11, 11 L.P.R.A. §§ 11 and 12.

The Manager himself does not seem to be very sure of his position, for this year he submitted to the President of the Senate of Puerto Rico a draft of a bill to amend the existing Workmen's Accident Compensation Act, one of its purposes being to fix a time of one year to establish claims in cases of death caused by compensable labor accidents or occupational diseases. Said draft became S.B. No. 475 of March 12, 1963. Naturally, the Manager did not need to propose legislation establishing a term for claims in cases of injury or diseases because the Act in its § 5, 11 L.P.R.A.

§ 6, already provides that the injured employee shall present himself to the physician of the Fund within a period of not more than five working days after the accident occurs, except for the justifiable delay that the section itself admits and to which we shall refer hereinafter. If § 8 of the Act of 1918 were in force, as the Fund alleges, and which section provides, as we have seen, that if one year shall have elapsed from the date of the accident or death of the workman and said application is not presented, the right of the workman or his heirs is prescribed, the amendment to the Act requested by the Manager would not be necessary. We decide that § 8 of Act No. 10 of February 1918, as amended, is not in force.[1]

As to the time to advise of the accidents to the Fund the Act in force imposes one responsibility on the employer and another on the employee. In its § 13, 11 L.P.R.A. § 14, the Act provides that within five days after an accident occurs the employer shall file a written report with the Manager on blanks furnished by him. Said section imposes a penalty on the employer refusing or neglecting to make said reports. As to the worker or employee, § 5 of the Act, 11 L.P.R.A. § 6, provides that he shall submit to a medical examination or treatment provided by the Manager, and that the workman or employee shall present himself to the Fund's physician during a period of not more than five working days after the accident occurred. As we pointed out in *Guzmán* v. *Industrial Commission*, 85 P.R.R. 674 (1962), there is a relation between said two provisions of the Act.

■ ▪ The aforesaid § 5 which provides the term of five days for the workman or employee to present himself to

---

[1] As we agree with the Manager that what is stated in *Rivera* v. *Industrial Commission*, 55 P.R.R. 846 (1940) to that effect is a dictum and as we agree with petitioner that the question raised herein was neither examined nor decided in said case, we do not deem it necessary to lengthen this opinion by discussing something upon which the parties and we agree.

the Fund's physician is not absolutely inflexible, but it permits a delay if it be "satisfactorily explained" and "satisfactorily" proved. If the delay is explained and proved satisfactorily, the Manager shall be under the obligation to pay him the compensation to which the worker is entitled. It is thus provided, as to said particular, in § 5 of the Act, 11 L.P.R.A. § 6. However, it does not mean that the Act permits the indefinite delay; the term "satisfactorily," as in the case of what is reasonable and what a prudent person is, shall be subject to careful consideration in each case.

In the case at bar we believe that the employee is protected by the afore-cited provisions of § 5 of the Act. He had reason to believe, in good faith, that the employer had complied with his obligation to inform the Fund of his illness. He was seriously ill and had to submit to immediate treatment, which he did. Due to the fact that petitioner was an employee of the School of Medicine and also a doctor, he had immediate and adequate medical attention. The treatment produced satisfactory results and the employee could return to his work. The Fund was not prejudiced in any way, nor was it deprived of the opportunity of investigating whether the illness resulted from his work. The Manager in his own decision stated that it was related to petitioner's work. Petitioner's delay did not aggravate his condition either. *Guzmán* v. *Industrial Commission, supra*; 2 Larson, Workmen's Compensation Law, § 68.32.

In view of the reasons stated in this opinion, the decision of the Industrial Commission rendered in this case will be reversed and the case will be remanded with instructions to pay petitioner's compensation in accordance with the provisions of the Act.